No. 86-12

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

CINDY JO PLATT, by her guardians,
CHARLES PLATT and VIVIAN PLATT;
STEVEN PLATT and COREY JO PLATT,
minors, by their guardians CHARLES
PLATT and VIVIAN PLATT,

        Plaintiffs and Appellants,

-vs-

SEARS, ROEBUCK & CO., a New York
corporation; THE MUSKIN CORPORATION,
a foreign corporation; WALTER FOUTY
and JOAN FOUTY,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        P. Richard Meyer, Jackson, Wyoming
Michael J. McKeon, Anaconda, Montana
French, Mercer, Grainey & Duckworth; Edward K.
Duckworth, Ronan, Montana

    For Respondent:

        Garlington, Lohn & Robinson; Wm. Evan Jones, Missoula,
Montana   (Sears & Muskin)
Worden, Thane & Haines; Jeremy G. Thane, Missoula,
Montana  (Fouty)

_____

        Submitted on Briefs: March 28, 1986

        Decided:  June 24, 1986

Filed:  JUN 24 1986

_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs appeal from an order of the District Court of the Second Judicial District in and for Silver Bow County. The order granted defendants' motion for a change of venue from Silver Bow County to Lake County pursuant to § 25-2-201, MCA. We affirm.

The issue is whether venue was properly removed from Silver Bow County, where defendant Sears does business, to Lake County, where plaintiffs and defendants Fouty reside and where the accident occurred.

This action arose from injuries received by plaintiff Cindy Jo Platt when she dived into a swimming pool at the home of defendants Walter and Joan Fouty. The other two defendants, who allegedly designed, manufactured, marketed, and distributed the swimming pool, are foreign corporations. Plaintiffs filed suit in Silver Bow County. Defendants Walter and Joan Fouty and Sears moved for a change of venue to Lake County. After briefing and a hearing, defendants' motions were granted. The court cited § 25-2-201, MCA, which provides:

> When change of venue required. The court or judge must, on motion, change the place of trial in the following cases:
>
> (1) when the county designated in the complaint is not the proper county;
>
> (2) when there is reason to believe that an impartial trial cannot be had therein;
>
> (3) when the convenience of witnesses and the ends of justice would be promoted by the change.

The court did not specify the subsection under which it ruled. At the hearing, arguments were presented under both

subsections (1) and (3). In this appeal, the parties argue whether Silver Bow County is a proper county for venue.

"The most fundamental of all venue rules" is that venue is proper in the county in which the defendants reside. Section 25-2-118, MCA, annot., Evidence Commission Recommendations for Revisions. The Foutys are residents of Lake County. As foreign corporations, Sears and the Muskin Corporation have no Montana residence for purposes of venue. See Foley v. General Motors Corporation (1972), 159 Mont. 469, 472, 499 P.2d 774, 776.

This action sounds in contract and tort. The venue statutes for actions in contract and tort contain exceptions to the basic venue rule. Section 25-2-121, MCA, provides that an action upon a contract may properly be tried, as an alternative to the county of defendant's residence, in the county where the contract was to be performed. A tort action is properly tried in the county of defendant's residence or in the county where the tort was committed. Section 25-2-122, MCA. There have been no allegations here of any contract performance or tortious actions anywhere but in Lake County. Based on the above statutes the proper place of trial for this action remains in Lake County.

The plaintiffs base their position that Silver Bow County is a proper place of trial on § 25-2-117, MCA:

> Multiple defendants. If there are two or more defendants in an action, a county that is a proper place of trial for any defendant is proper for all defendants, subject to the power of the court to order separate trials under Rule 42(b) of the Montana Rules of Civil Procedure. If an action with two or more defendants is brought in a county that is not a proper place of trial for any of the defendants, any defendant may make a motion for change of place of trial to any county which is a proper place of trial.

3

In connection with that statute, plaintiffs cite the rule that a foreign corporation may be sued in any county. That rule is set out at § 25-2-118(2), MCA:

> if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint.

As it clearly states, § 25-2-118(2), MCA, only applies if none of the defendants reside in Montana. A long line of Montana cases has held that a foreign corporation may be sued in any county of the state. Foley, 499 P.2d at 776. Section 25-2-118(2), MCA, does not change that rule. It limits the rule, however, to exclude cases in which Montana residents are also named as defendants. We conclude that when a foreign corporation is named as a defendant along with Montana residents, the rule that a foreign corporation may be sued in any county of the state does not apply, and venue is determined by using Montana's other venue statutes. In this case, since the Fouty defendants are residents of Montana, venue is determined by the other venue statutes discussed above. The proper place of trial is Lake County.

Plaintiffs also raise an equal protection argument based on their contention that, under this Court's decision in Bradley v. Valmont Industries, Inc. (Mont. 1985), 701 P.2d 997, 42 St.Rep. 925, a Montana corporation resides in any county in which it does business. That is not the rule. A Montana corporation has only one residence, the county in which it has its principal place of business. Because the equal protection argument was based on the erroneous premise that a Montana corporation resides wherever it does business, we will not address it further.

Affirmed.

_____
                Justice

We Concur:

_John Conway Harrison_____

_____

_William E. Hunt_____

_John C. Sheehy_____

_L.C. Gulbrandson._____
                Justices


Mr. Chief Justice J. A. Turnage, deeming himself disqualified, did not participate in this decision.