JUSTICE REGNIER
delivered the Opinion of the Court.
¶1 Brian J. Lockhead appeals from the order granting Debra J. Weinstein’s motion for change of venue issued by the Second Judicial District Court, Silver Bow County. Lockhead contends that the District Court erred when it determined that he was not a resident of Silver Bow County. We reverse.
BACKGROUND
¶2 On May 16, 2000, Lockhead filed a complaint in the Second Judicial District Court, Silver Bow County, seeking damages from Weinstein due to defamation, negligent and intentional infliction of emotional distress, and malicious prosecution. Lockhead’s claims arose out of an altercation between the parties which occurred in Missoula, Montana, and resulted in Lockhead being charged with intimidation and criminal endangerment. A jury subsequently found Lockhead not guilty of either charge. Lockhead alleged in his complaint that he resided in Butte, Montana.
¶3 Weinstein filed a motion for a change of venue alleging that Silver Bow County was not the proper place for trial on Lockhead’s complaint because Lockhead was not actually a resident of Silver Bow County. Alternatively, Weinstein argued that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Missoula County where the tort allegedly was committed and where most of the witnesses reside. Weinstein’s attorney, John R. Gordon, attached an affidavit to the motion in which he stated that he had attempted to determine Lockhead’s residence and believed that Lockhead resided in Missoula County. In response, Lockhead filed an affidavit averring that he moved from Missoula to Butte on February 12, 2000. Lockhead also filed a motion to strike Gordon’s affidavit.
¶4 The District Court held a hearing on Weinstein’s motion for change of venue and Lockhead’s motion to strike Gordon’s affidavit on August 3, 2000. On August 29, 2000, the court concluded that Lockhead failed to establish that he was a resident of Butte and, thus, *440 granted Weinstein’s motion for a change of venue. The court denied Lockhead’s motion to strike, stating that it did not consider Gordon’s affidavit in granting Weinstein’s motion. Lockhead appeals.
STANDARD OF REVIEW
¶5 Whether a county is a proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. Sprinkle v. Burton (1996), 280 Mont. 358, 361, 935 P.2d 1094, 1096. Accordingly, our review of a district court’s grant or denial of a motion for change of venue is plenary; we simply determine whether the court’s ruling was legally correct. Burton, 280 Mont. at 361, 935 P.2d at 1096.
DISCUSSION
¶6 Did the District Court err when it determined that Lockhead was not a resident of Silver Bow County?
¶7 The District Court concluded that Lockhead had failed to establish that he resided in Butte and, on that basis, granted Weinstein’s motion for change of venue. Lockhead argues that the District Court ruling is incorrect. Lockhead observes that he submitted an affidavit in which he stated that he lived in Butte at the time of filing and that he did not have any intention of moving. He contends that Weinstein offered no evidence to the contrary. Weinstein responds that Lockhead failed to provide any corroborating evidence of his residence such as a physical address, post office address, telephone number, name and address of an employer, welfare or unemployment applications, etc. Weinstein argues that the court was provided with only one uncontroverted fact evidencing Lockhead’s residence: a post office box in Missoula. Lockhead replies that Weinstein placed his residence at issue when she moved for a change of venue and failed to provide evidence which controverted his affidavit.
¶8 The court must change the place of trial when the county designated in the complaint is not the proper county. Section 25-2-201(1), MCA. In the instant case, Lockhead brought a tort action against Weinstein, a non-resident defendant, alleging she committed tortious acts in Missoula County. The proper place of trial for a tort action when the defendant is a resident of a state other than Montana is either the county in which the tort was committed or the county in which the plaintiff resides. Section 25-2-122(3), MCA. Therefore, venue would be proper in both Missoula County and the county in which Lockhead resides. When more than one county may be a proper county for trial, an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial upon the ground that the action is not brought in the proper county. Section 25-2-115, MCA.
¶9 In determining Lockhead’s residence, the following rules, among others, are to be observed: It is the place where a person *441 remains when not called elsewhere for labor or other special or temporary purpose and to which the person returns in seasons of repose. There may only be one. residence. Residence can be changed only by the union of act and intent. Section 1-1-215, MCA. Residence will be determined by the status of the parties and pleadings at the time of the complaint or at the time the moving party appears in the action. See Burton, 280 Mont. at 363, 935 P.2d at 1097.
¶10 The burden of proof is upon the moving party seeking the change of place of trial. Clark Fork Paving, Inc. v. Atlas Concrete & Paving (1978), 178 Mont. 8, 13, 582 P.2d 779, 782. The averments of the complaint will be taken as true in considering a motion for change of venue. Burton, 280 Mont. at 364, 935 P.2d at 1097. However, we have also previously determined that district courts may consider affidavits relating to a motion to change venue. See I.S.C. Distributors, Inc. v. Trevor (1993), 259 Mont. 460, 464, 856 P.2d 977, 979 (citing Hopkins v. Scottie Homes, Inc. (1979), 180 Mont. 498, 501, 591 P.2d 230, 232). When affidavits submitted by one party are uncontradicted, the facts stated therein must be taken as true. Hopkins, 180 Mont. at 501, 591 P.2d at 232; accord State ex rel. Dept. of Health and Environmental Sciences v. Pegasus Gold Corp. (1995), 270 Mont. 32, 37, 889 P.2d 1197, 1200.
¶11 In his complaint, Lockhead alleged that he was a resident of Butte. Weinstein submitted an affidavit of Ken Martin in which Mr. Martin stated that he had searched homeless shelters, the police department, and the post office for proof of Lockhead’s residency in Silver Bow County and found none. Lockhead filed an affidavit in which he stated that he had resided continuously in Butte since February 12, 2000, and had no plans to move.
¶12 We conclude that the District Court erred by shifting the burden of proof on the issue of residency to Lockhead. The court stated that “[Lockhead] has not established that his residence is in Butte, Montana.” However, Weinstein bore the burden of proof in support of her motion for change of venue. See Clark Fork Paving, Inc., 178 Mont. at 13, 582 P.2d at 782. Weinstein failed to carry her burden of proving that Lockhead did not reside in Butte at the time he filed his complaint. Weinstein did not submit any proof that Lockhead actually resided elsewhere. The only facts Weinstein submitted on the issue of Lockhead’s residence were contained in Mr. Martin’s affidavit, in which he simply stated that he could not find any proof of Lockhead’s residence in Silver Bow County. The fact that Mr. Martin could not find proof of Lockhead’s residence in Silver Bow County does not refute Lockhead’s averments that he resided in Butte at the time he filed his complaint. Therefore, Lockhead’s statement that at the time he filed his complaint he resided in Butte and had no intention of moving must be taken as true. See Hopkins, 180 Mont. at 501, 591 P.2d at 232; Burton, 280 Mont. at 363, 935 P.2d at 1097. The District Court’s *442 determination that Lockhead failed to establish residency in Silver Bow County is erroneous.
¶13 Reversed.
JUSTICES COTTER, TRIEWEILER and RICE concur.