No. 04-067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 170

GENE NELSON,

      Plaintiff and Respondent,

  v.

CENEX, INC.; FARMERS UNION CENTRAL
EXCHANGE, INC.; CENEX HARVEST STATES
COOPERATIVE, INC.; HAROLD WILLIAMS;
LOUIS DAY; and Does A-Z inclusive,

      Defendants and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis & Clark, Cause No. BDV-2003-543
                Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            John G. Crist; Crist Law Firm, Billings, Montana (for CHS, Inc.)

      For Respondent:

            J. David Slovak, Keith D. Marr; Lewis, Slovak & Kovacich,
            Great Falls, Montana

Submitted on Briefs: April 28, 2004

Decided: June 29, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     CHS, Inc. (CHS) appeals from the order entered by the First Judicial District Court, Lewis and Clark County, denying its motion for a change of venue. We affirm.

¶2     The issue before us is whether the District Court erred in denying CHS's motion for a change of venue.

BACKGROUND

¶3     Gene Nelson (Nelson) worked at a petroleum refinery in Laurel, Yellowstone County, Montana, between 1952 and 1966. In September of 2003, he filed a complaint in the District Court for Lewis and Clark County, asserting various tort claims based on allegations that he had been exposed to asbestos during his employment at the refinery, which led to his contracting asbestos-related lung disease. The complaint named as defendants three corporate entities which owned and operated the refinery, and two individuals who had worked as plant managers during Nelson's employment. CHS is the successor-in-interest to the three corporate defendants and appeared on their behalf in the action. CHS is incorporated--and maintains its principal place of business--in Minnesota, as were its predecessor corporations. CHS's registered agent for purposes of receiving service of process is located in Lewis and Clark County, Montana. The two individual defendants reside in Yellowstone County, Montana, and Nelson currently resides in Missoula County, Montana.

¶4 CHS moved the District Court to change venue, arguing that Lewis and Clark County was not the proper place for trial. The District Court denied the motion and CHS appeals.

## STANDARD OF REVIEW

¶5 The determination of whether a county is the proper place for trial involves a question of law. Lockhead v Weinstein, 2001 MT 132, ¶ 5, 305 Mont. 438, ¶ 5, 28 P.3d 1081, ¶ 5. Consequently, we review a district court's ruling on a motion for change of venue to determine whether the court's ruling was legally correct. Lockhead, ¶ 5.

## DISCUSSION

¶6 Did the District Court err in denying CHS's motion for a change of venue?

¶7 In its motion to change venue, CHS argued that Lewis and Clark County was not a proper place for trial and venue should be moved to Yellowstone County because both individual defendants reside there and the alleged tortious conduct occurred there. The District Court concluded that Lewis and Clark County was a proper place for trial and denied the motion. CHS asserts error.

¶8 A defendant may move for a change of venue when an action is brought in a county which is not statutorily designated as a proper place for trial. Section 25-2-114, MCA. A district court must grant such a motion if the county in which the action is filed is not a proper place for trial. Section 25-2-201(1), MCA. If more than one county is designated as a proper place for trial of an action, "an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial . . . ." Section 25-2-115, MCA.

¶9 The general rule for venue in civil actions is set forth in § 25-2-118, MCA, which provides that

> (1) Except as provided in subsection (3), the proper place of trial for all civil actions is the county in which the defendants or any of them reside at the commencement of the action.
> (2) If none of the defendants reside in the state, the proper place of trial for a contract action is as provided in 25-2-121(1)(b) or (2) and the proper place of trial for a tort action is as provided in 25-2-122(2) or (3).
> (3) The proper place of trial for an action brought pursuant to Title 40, chapter 4, is the county in which the petitioner or the respondent has resided during the 90 days preceding the filing of the action.

In this case, §§ 25-2-118(2) and -118(3), MCA, do not apply because the two individual defendants reside in the state and the action was not brought pursuant to Title 40, chapter 4 of the Montana Code Annotated (MCA). Consequently, a proper place for trial of this action is Yellowstone County, where the two individual defendants reside.

¶10 The MCA contains additional venue statutes, however, which provide for exceptions to the general venue rules of § 25-2-118, MCA, for specific types of actions. Nelson's complaint alleges various tort claims. The specific venue rules for tort actions are set forth in § 25-2-122, MCA, which provides, in pertinent part, as follows:

> (1) Except as provided in subsections (2) and (3), the proper place of trial for a tort action is:
> (a) the county in which the defendants or any of them reside at the commencement of the action; or
> (b) the county in which the tort was committed. . . .
> (2) If the defendant is a corporation incorporated in a state other than Montana, the proper place of trial for a tort action is:
> (a) the county in which the tort was committed;
> (b) the county in which the plaintiff resides; or
> (c) the county in which the corporation's resident agent is located, as required by law.

4

CHS is incorporated in Minnesota and its resident agent in Montana is located in Lewis and Clark County. Thus, pursuant to § 25-2-122(2)(c), MCA, Lewis and Clark County is a proper place for trial of Nelson's action.

¶11 CHS argues that § 25-2-122(2), MCA, does not apply in this case. It grounds its argument on the language of § 25-2-118(2), MCA, which provides that, if none of the defendants reside in the state, the proper place for trial of a tort action is as set forth in §§ 25-2-122(2) and -122(3), MCA. CHS asserts, based on this language, that §§ 25-2-122(2) and -122(3), MCA, only apply where none of the defendants reside in Montana, which is not the situation here. Consequently, according to CHS, venue must be determined in accordance with § 25-2-122(1), MCA, which would result in Yellowstone County being the only proper place for trial. CHS further asserts that its argument in this regard is supported by our holding in Platt v. Sears, Roebuck & Co. (1986), 222 Mont. 184, 721 P.2d 336.

¶12 In Platt, the plaintiff brought a tort action against two individuals who resided in Montana and two foreign corporations. The issue before us was which county constituted the proper venue for the action. Platt, 222 Mont. at 185, 721 P.2d at 337. CHS is correct that, in addressing where the proper place for trial was, we stated that § 25-2-118(2), MCA, did not apply in cases where one or more of the defendants resided in Montana. Platt, 222 Mont. at 186-87, 721 P.2d at 337-38. Nowhere in Platt, however, did we hold that §§ 25-2-122(2) and -122(3), MCA, only applied where none of the defendants reside in Montana. We held that, where § 25-2-118(2), MCA, did not apply because one or more defendant

resided in Montana, venue must be determined according to other venue statutes. Platt, 222 Mont. at 187, 721 P.2d at 338.

¶13 As stated above, the defendants in this action are two Montana residents and a foreign corporation. Consequently, § 25-2-118(2), MCA, does not apply to determine venue and we must look to a different venue statute. The specific venue statute relating to tort actions provides that a proper place of trial where a defendant is a foreign corporation is the county in which the corporation's resident agent is located. Section 25-2-122(2)(c), MCA. In the present case, that county is Lewis and Clark County. Thus, the District Court's conclusion that Lewis and Clark County is a proper place for trial of this action is legally correct. We hold, therefore, that the District Court did not err in denying CHS's motion for a change of venue.

¶14 CHS also argues that if § 25-2-118(2), MCA, is not interpreted as providing that §§ 25-2-122(2) and -122(3), MCA, only apply where none of the defendants are residents of Montana, it will result in a violation of the constitutional right to equal protection of the laws because it will treat resident defendants differently depending on whether they are sued with a nonresident. CHS did not raise this equal protection argument in the District Court. It is well-established that we will not address issues or arguments on appeal which were not raised in the trial court. See, e.g., Dayberry v. City of East Helena, 2003 MT 321, ¶ 24, 318 Mont. 301, ¶ 24, 80 P.3d 1218, ¶ 24; Bekkedahl v. McKittrick, 2002 MT 250, ¶ 31, 312 Mont. 156, ¶ 31, 58 P.3d 175, ¶ 31; Unified Industries, Inc. v. Easley, 1998 MT 145, ¶ 15,

6

289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15. Consequently, we decline to address CHS's argument in this regard.

¶15    Affirmed.


                                        /S/ KARLA M. GRAY


We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JOHN WARNER