No. 03-637

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 188

GUANG XIANG LIANG,

        Plaintiff and Appellant,

  v.

GERRI LAI a.k.a JERRY LAI a.k.a. JERRY LEI
and PING LAI a.k.a. PING LEI d.b.a. GENKI JAPANESE
RESTAURANT; GERRI LAI a.ka. JERRY LAI a.k.a.
JERRY LEI AND PING LAI a.k.a., PING LEI d.b.a.
NEW ASIA RESTAURANT; GENKI JAPANESE
RESTAURANT; and NEW ASIA RESTAURANT

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and for the County of Flathead, Cause No. DV 15-2003-145A
                 The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Maxwell G. Battle, Jr., Carey Leisure & Battle, Whitefish, Montana

       For Respondents:

          John R. Gordon, Spoon Gordon & McHugh P.C., Raymond P. Tipp, Esq.,
         Tipp & Buley, Missoula, Montana

Submitted on Briefs:  March 16, 2004

Decided:  July 20, 2004

Filed:

_____
                   Clerk
Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Guang Xiang Liang ("Liang") filed this case in Flathead County for damages resulting from a slip and fall occurring in that county.  He also made claims for unpaid wages and wage and hour laws violations which he alleges occurred both in Flathead and Sanders Counties.  The District Court granted a Motion for Change of Venue filed by Gerri Lai, Ping Lai, Genki Japanese Restaurant, and New Asia Restaurant ("Lai") from the Eleventh Judicial District, Flathead County, to the Twentieth Judicial District, Sanders County, based on Gerri Lai's claim of residency in Sanders County.  Liang appeals.  We reverse.

## ISSUE

¶2     Did the District Court err when it granted Lai's Motion to Change Venue from Flathead to Sanders County?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Liang filed an eleven-count Amended Complaint in the Eleventh Judicial District, Flathead County, in which he alleged that he was hired by Gerri Lai to work at the Genki Japanese Restaurant ("Genki") in Kalispell, Flathead County.  Liang alleged that he worked at Genki from September 9, 2002, until October 21, 2002, at which time his employment was transferred to the New Asia Restaurant ("New Asia") in Thompson Falls, Sanders County.  Both establishments are owned by Gerri Lai and Ping Lai.  Liang worked at New Asia from October 22, 2002, until January 13, 2003.

¶4     In the Amended Complaint, Liang alleged that he suffered injuries as a result of a slip and fall accident at Genki that was caused by Lai's negligent failure to maintain Genki in a

2

safe condition. Liang further alleged among other things, that, at both Genki and New Asia, Lai failed to pay his wages and benefits in a timely fashion; failed to pay overtime wages; failed to pay minimum wage rates; that Lai dealt with Liang in bad faith; and that Liang suffered various damages as a result.

¶5     Lai filed a Motion for Change of Venue to Sanders County, which is where defendant Gerri Lai resides. The District Court granted the venue change. Liang timely appeals.

## STANDARD OF REVIEW

¶6     Whether a county is a proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. *Wentz v. Montana Power Co.* (1996), 280 Mont. 14, 17, 928 P.2d 237, 238 (citations omitted). Thus, our review of the trial court's grant or denial of a motion for change of venue is plenary; we simply determine whether the court's ruling was legally correct. *Wentz*, 280 Mont. at 17, 928 P.2d at 238 (citations omitted).

## DISCUSSION

¶7     Liang argues that, as the plaintiff in a multi-count Amended Complaint where venue is proper in more than one county, he may choose to file the entire cause of action in any county in which venue is proper for any one count. Liang claims that he chose to file his Amended Complaint in Flathead County, because that is where most of the alleged activities occurred, and that, as Flathead County was a proper venue for some of the counts, the District Court erred when it granted Lai's Motion to Change Venue to Sanders County.

3

¶8 Of the eleven counts in his Amended Complaint, Liang notes that seven counts are torts or "statutory torts" alleged to have been committed in Flathead County--thus making Flathead County the proper venue for those counts--while three counts (as well as a fourth count, Count VIII, which is not discussed in his brief) are alleged to have been committed in Sanders County--thus making it, also, an appropriate venue for the Amended Complaint.

¶9 Liang argues that pursuant to § 25-2-122(1)(b), MCA, the proper venue for a tort claim is the county in which the tort allegedly was committed. He further argues that, when a venue chosen by a plaintiff is a proper venue, the defendant is not entitled to a change of venue, even if the defendant's preferred venue is also a proper venue. While Liang concedes that venue would also be proper in Sanders County, he claims that our case law supports the proposition that, where two or more causes of action are joined in a single complaint where venue for each cause is proper in different counties, the plaintiff may choose any county in which venue is proper for either action. (Citing *Wentz*, 280 Mont. at 22-23, 928 P.2d at 242.) Liang further claims, pursuant to § 25-2-117, MCA, that where there are multiple defendants, venue is proper for all defendants in any county in which venue is proper as to any one of them. Thus, Liang argues, Flathead County is a proper venue, and while Lai's preferred venue of Sanders County is also proper, the District Court erred in granting Lai's Motion to Change Venue because under Montana law, a properly-selected venue chosen by the plaintiff cannot be changed by the defendant.

¶10 Lai argues that defendant Gerri Lai was a resident of Sanders County on the day Liang filed the Amended Complaint, and that § 25-2-118, MCA, recognizes a fundamental rule that

4

a defendant has the right to have a trial in his home county. The plaintiff's ability to select a forum, Lai argues, does not trump the fundamental rule. Furthermore, Lai argues, a defendant is allowed a change of venue if he is entitled to do so whenever there are multiple claims. In particular, he notes, Gerri Lai is entitled to have the Title 39 wage claims heard in his home county. Neither party addresses where defendant Ping Lai resides.

¶11 Lai claims that Liang overlooks the fact that the "tort rule" of § 25-2-122, MCA, is "only a permissive alternative to 'the most fundamental of all venue rules' which is that a defendant has a right to have the trial in the county of his residence." Lai argues that the legislative changes made to § 25-2-118, MCA, in 1985 and 1997 indicate that the legislature intended that a defendant's right to have a trial in his home county would trump the "tort rule" of § 25-2-122, MCA.

¶12 Lai further argues that Liang does not cite any authority for his argument that some of the counts within his Amended Complaint are "statutory torts." Finally, Lai argues that a party entitled to a change of venue on one count of a multi-count complaint is entitled to a change of venue on the entire action. Therefore, Lai argues that he is entitled to a change of venue on some of the counts in the Amended Complaint and thus must be granted a change of venue for the entire action.

¶13 A defendant may move for a change of venue when an action is brought in a county which is not statutorily designated as a proper place for trial. Section 25-2-114, MCA. A district court must grant such a motion if the county in which the action is filed is not a

proper place for trial. Section 25-2-201(1), MCA. In granting Lai's Motion to Change Venue, the District Court reasoned that,

> § 25-2-122(1), M.C.A., provides that the proper place of trial for a tort action is either the county of the defendant's residence or the county where the tort allegedly occurred. . . . [A]fter the 1985 amendment, it was held that either county was a proper county and if the complaint was filed in either county it could not be moved. . . . However, in 1997, § 25-2-118, M.C.A., was again amended [and] the former introductory clause that read: "Unless otherwise specified in this part" [was deleted]. That would appear to be a legislative directive that the fundamental venue rule was being reinstated without qualification? – that a defendant is entitled to have trial in his county of residence. This appears to over-ride the alternative county provisions of § 25-2-122(1), M.C.A.

¶14 Section 25-2-118, MCA (2001), states in pertinent part,

> (1) . . . the proper place of trial for all civil actions is the county in which the defendants or any of them reside at the commencement of the action. (2) If none of the defendants reside in the state, the proper place of trial for a contract action is as provided in 25-2-121(1)(b) or (2) and the proper place of trial for a tort action is as provided in 25-2-122(2) or (3).

¶15 In his Amended Complaint, Liang alleged that he suffered injuries in a slip and fall on the Genki property in Flathead County as a result of Lai's negligence. Because this count clearly sounds in tort, we need not address whether any of Liang's other counts are properly characterized as "statutory torts." The issue left for us to resolve is whether or not the District Court correctly concluded that the 1997 revision of § 25-2-118, MCA, changes or "trumps" the application of § 25-2-122, MCA, when determining what county is a proper venue for a torts case in which the alleged tort occurred in a different county than that in which the defendant resides.

6

¶16 We recently addressed this question in an Opinion of which the parties in the instant case did not have the benefit at the time they filed their briefs. In *Nelson v. Cenex, Inc.*, 2004 MT 170, ___ Mont. ___, ___ P.3d ___, we considered whether or not a district court erred when it denied the defendant's motion for change of venue. In *Nelson*, the plaintiff filed a tort claim in Lewis and Clark County, which was the county in which one of the defendants, a foreign corporation, had its registered agent located. *Nelson*, ¶ 3. The two named individual defendants resided in Yellowstone County, and the alleged tort occurred in Yellowstone County. *Nelson*, ¶ 3. As does Lai here, the individual defendants claimed they were entitled to a change of venue because their place of residence was Yellowstone County. Nelson countered that because Lewis and Clark County was a proper venue, the defendants were not entitled to a change of venue. The District Court agreed with Nelson, and we affirmed, concluding that the District Court was correct in denying the motion to change venue. *Nelson*, ¶ 13. We relied on § 25-2-122(2)(c), MCA, in determining that the venue of Lewis and Clark County was a proper venue because that was the county in which the corporation's resident agent was located. *Nelson*, ¶ 10. We further reasoned that Yellowstone County, where the two individuals resided, would also be a proper venue for trial. *Nelson*, ¶ 9. Similarly, in Liang's case, Sanders County, where defendant Gerri Lai resides, would be a proper venue for trial.

¶17 However, as we noted in *Nelson*, the MCA contains additional venue statutes which provide for exceptions to the general venue rules of § 25-2-118, MCA, for specific types of actions. *Nelson*, ¶ 10. The specific venue rules for tort actions are set forth in § 25-2-122(1),

7

MCA, which provides that, among other proper venues, the proper place of trial for a tort action is (a) the county in which the defendants . . . reside at the commencement of the action; or (b) the county in which the tort was committed. As our decision in *Nelson* illustrates, the 1997 modification to § 25-2-118, MCA, has not altered our interpretation of § 25-2-122, MCA. Thus, Flathead County, the location of the Genki premises where the allegedly tortious act occurred, is a proper venue for this case. This being so, no motion may be granted to change the place of trial on the entire action. Section 25-2-115, MCA.

¶18     Lai argues that the only proper venue for the counts alleging violations of the Wage and Benefit statutes is the county in which the defendant resides, and that he is thus entitled to a change of venue for those counts. Although he cites to § 25-2-115, MCA, we believe he is referring to § 25-2-116, MCA, when he makes this argument. Section 25-2-116, MCA, provides in part that "a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action. . . ."

¶19     The problem is that Lai presupposes, and erroneously so, that he is entitled to change the place of trial in the first place. As explained above, he is not. We addressed the applicability of § 25-2-116, MCA, in *Wentz*, in which we noted that § 25-2-116, MCA, was enacted as a codification of our holdings involving venue changes in multiple claim cases, as a way of preventing plaintiffs from promulgating spurious claims as a means of denying a favorable venue to a defendant. *Wentz*, 280 Mont. at 21-22, 928 P.2d at 241. Our review of the record here does not reveal any indication that Lai added the Genki counts as a way

8

to manipulate venue in this case, nor do the defendants so allege. Thus, we have no basis for applying § 25-2-116, MCA, to the instant case.

¶20 We conclude that, pursuant to § 25-2-122(1)(b), Liang chose a proper venue for his Amended Complaint when he filed in it Flathead County. Thus, the District Court erred when it granted a change of venue to Lai.

## CONCLUSION

¶21 For the foregoing reasons, we reverse the District Court's Change of Venue and remand for further proceedings consistent with this Opinion.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE