JUSTICE WARNER
delivered the Opinion of the Court.
¶1 Three of the four original Plaintiffs appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, granting Defendants’ motion to change venue. We affirm.
¶2 We address the following issue on appeal:
¶3 Did the District Court err when it granted Junga Juice/Fulbrights’ motion for change of venue?
BACKGROUND
¶4 Junga Juice, Inc., a business that sells juice smoothies, was started in Missoula in the late 1990s by Kevin and Cari Fulbright and soon became successful. The three Defendants will be referred to as “Junga Juice/Fulbrights.” Plaintiff DML, Inc., contracted with Junga Juice to open a franchise Junga Juice store in Billings. Plaintiffs Junga Juice, Inc., of South Dakota, which will be referred to as ‘South Dakota Junga Juice,” and MTAZ, LLC, contracted with Defendants to open franchise stores in Rapid City, South Dakota, and Flagstaff, Arizona, respectively. Dennis Rowe, an original Plaintiff whose appeal was dismissed by stipulation of the parties, contracted to open a franchise in Bozeman.
¶5 The franchise agreement between DML and Junga Juice/Fulbrights provided that if DML initiated a court action against the Defendants for breach of the franchise agreement, DML could elect to initiate such proceedings in Yellowstone County. The franchise agreement between the now dismissed Plaintiff Rowe and Junga Juice/Fulbrights stated that venue of any action would be in Missoula County. The agreements with South Dakota Junga Juice and MTAZ provided that they may elect venue in Missoula County.
¶6 All the Plaintiffs joined in a suit against Junga Juice/Fulbrights which they filed in Yellowstone County alleging negligent misrepresentation, deceit, rescission, declaratory relief, breach of contract, bad faith, interference with prospective economic advantage, and interference with contract. Junga Juice/Fulbrights moved for a change of venue to Missoula County and for separate trials on the claims of the several Plaintiffs. The District Court granted the motion *214 to change venue of the entire action to Missoula County in the interest of judicial economy and further, because the claims were based in contract, the negotiations took place in Missoula County for three of the four Plaintiffs, and three of the four franchise agreements provided that venue was proper in Missoula. The District Court also allowed DML to file a motion to sever its claims and keep its action in Yellowstone County, should it so desire. Plaintiffs DML, South Dakota Junga Juice, and MTAZ appeal from this order.
STANDARD OF REVIEW
¶7 The determination of whether a county is the proper place for trial is a question of law involving the application of the venue statutes to pleaded facts. Nelson v. Cenex, Inc., 2004 MT 170, ¶ 5, 322 Mont. 54, ¶ 5, 97 P.3d 1073, ¶ 5 (citation omitted). Accordingly, our review of a district court’s grant or denial of a motion for change of venue is plenary; we determine whether the court’s ruling was legally correct. Nelson, ¶ 5 (citation omitted).
DISCUSSION
¶8 Did the District Court err when it granted Junga Juice/Fulbrights’ motion for change of venue?
¶9 DML, South Dakota Junga Juice, and MTAZ assert that Yellowstone County is a proper venue for their combined claims and argue, pursuant to §25-2-114, MCA, that a defendant’s right to move for change of venue arises only when the action is brought in a county not designated as a proper place of trial. They argue further that judicial economy is not served by changing the venue to Missoula.
¶10 Junga Juice/Fulbrights argue that while Yellowstone Countymay be a proper venue for DML, it is not a proper venue for South Dakota Junga Juice and MTAZ because they have no connection with Yellowstone County. They argue, pursuant to §25-2-116, MCA, that they are entitled to a change of venue to Missoula, because for three out of the four original Plaintiffs, Missoula is the proper venue. They argue that judicial economy is served by having all claims tried in Missoula.
¶11 The general rule, contained in §25-2-118, MCA, provides that the proper place of trial for civil actions is the county in which the defendant resides. Section 25-2-122(l)(b), MCA, provides that venue for tort claims or interrelated claims of tort and breach of contract may be brought in any county where the tort was committed, or where the contract was to be performed. If venue is proper in more than one *215 county, an action brought in any proper county determines the venue. Section 25-2-115, MCA.
¶12 Section 25-2-116, MCA, provides:
In an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.
¶13 Here, one ofthe four contracts was to be performed in Yellowstone County and the other three were to be performed in other counties. Further, Junga Juice/Fulbrights reside in Missoula and their business office is located in Missoula. Thus, Missoula County is an appropriate venue for all parties. In this case, DML, South Dakota Junga Juice, and MTAZ chose to join together in an action against Junga Juice/Fulbrights, but chose a venue that was improper for three out of the four original Plaintiffs.
¶14 DML, South Dakota Junga Juice, and MTAZ assert that § 25-2-116, MCA, does not apply and cite Liang v. Lai, 2004 MT 188, 322 Mont. 199, 94 P.3d 759, and Wentz v. Montana Power Co. (1996), 280 Mont. 14, 928 P.2d 237, in support of their argument. These cases are inapposite.
¶15 In Liang, we determined that § 25-2-116, MCA, did not apply because the defendant was not entitled to a change of venue of any claim. Liang, ¶ 19. Here, however, Defendants are entitled to a change of place of trial on three of the four claims. In Wentz, our holding that § 25-2-116, MCA, did not apply was based on § 27-1-501(2), MCA, which mandates wrongful death and survivorship actions be combined in one legal action. Thus, in that instance, venue was proper in more than one place on both claims. We went on to state that we were not commenting on “the sorts of cases to which §25-2-116, MCA, might apply.” Wentz, 280 Mont. at 22, 928 P.2d at 241-42.
¶16 By the words of §25-2-116, MCA, “a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action.”This statute contemplates a multiple claim situation in which the county where the plaintiff files is proper for one claim but not for one or more of the others. As recognized by the Evidence Commission Comments to § 25-2-116, MCA, this Court has ruled consistently that a defendant entitled to a change of venue on one claim should have it on the entire action. See Yore v. Murphy (1891), 10 Mont. 304, 25 P. 1039; Heinecke v. Scott (1933), 95 Mont. 200, 26 *216 P.2d 167; Beavers v. Rankin (1963), 142 Mont. 570, 385 P.2d 640. Here, Plaintiffs South Dakota Junga Juice and MTAZ attempted to control venue by combining their claims with those of DML which, if allowed, would have the effect of choosing a place of trial other than at the normal situs which would be the Defendants’ residence, or where the contracts in question specified, contrary to law. We conclude that under these circumstances, pursuant to §25-2-116, MCA, Defendants are entitled to a change of venue to Missoula. Accordingly, the District Court did not err when it granted Junga Juice/Fulbrights’ motion for change of venue to Missoula, and allowed DML to make a motion to sever its action so that, at DML’s option, it could be tried in Yellowstone County, as provided in its contract.
¶17 As we have determined that the District Court was correct in granting the motion to change venue under §25-2-116, MCA, it is not necessary to discuss DML’s argument that judicial economy is not served by granting the motion.
¶18 The order of the District Court is affirmed.
JUSTICES MORRIS, COTTER and NELSON concur.