JUSTICE WARNER
Concurs.
¶10 I concur in the Court’s Opinion and write separately to address the argument made by the limited partnership, Meadow Park Manor.
¶11 The sequence of relevant events in this matter is:
7/30/97 The partnership, Meadow Park, was formed.
8/29/01 Ms. Dorr is distributed a partnership interest in Meadow Park.
4/16/02 Meadow Park files its certificate of limited partnership *418 with the Montana Secretary of State.
2/18/04 The accident in question occurs.
11/15/04 Ms. Maupin files her complaint.
¶12 At the time of the accident in question, and when the complaint was filed, Meadow Park was a limited partnership. Sections 35-10-637, 35-10-701, 702, MCA. Meadow Park argues that the only Cascade County resident, Ms. Dorr, was a limited partner who did not participate in the management of the business, and as such she cannot be personally liable to Maupin. Section 35-12-703(1), MCA. Meadow Park’s argument continues, that because Ms. Dorr cannot be named a defendant in this action, none of the requirements of § 25-2-122, MCA, which would make Cascade County a proper venue, can be met. To bolster its argument, Meadow Park analogizes a limited partnership to a corporation, and cites Platt v. Sears, Roebuck & Co. (1986), 222 Mont. 184, 187, 721 P.2d 336, 338, for the proposition that a Montana corporation’s only residence is the county in which it has its principal place of business.
¶13 Meadow Park’s argument has a certain appeal. Perhaps the most important attribute of both limited partnerships and corporations is the protection enjoyed by both limited partners and shareholders from liability to third parties. However, a limited partnership is not a corporation-it is still a partnership. Sections 35-10-637, 35-10-702, MCA. The internal organization of a limited partnership is different from that of a corporation, its membership and filing requirements are different from those of corporations and in some ways limited liability partnerships receive different tax treatment than corporations.
¶14 As noted by the Court, the legislature has not amended the venue statutes to provide that a limited partnership will be treated the same as a corporation for venue purposes. And, it is not for this Court to add to what has been omitted to a statute. Section 1-2-101, MCA; State v. Gooding, 1999 MT 249, ¶ 22, 296 Mont. 234, ¶ 22, 989 P.2d 304, ¶ 22; State v. Spalding (1991), 247 Mont. 317, 321, 806 P.2d 1029, 1032. Thus, I concur with the Court’s decision to reverse the District Court’s order granting Meadow Park’s motion to change venue.
JUSTICE RICE joins in the foregoing concurrence.