DA 11-0615

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 96

MARLA WARD,

      Plaintiff and Appellant,

  v.

PAUL JOHNSON, POWDER RIVER,
INC, and DOES 1-50, inclusive,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 11-1046
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Dennis P. Conner, Gregory G. Pinski; Conner & Pinski, PLLP;
Great Falls, Montana

        Randy S. Laedeke, Laedeke Law Office; Billings, Montana

    For Appellees:

        John F. Haffey, Michael W. De Witt; Phillips Law Firm, P.C.;
Missoula, Montana (*Paul Johnson*)

        Dan L. Spoon; Spoon Gordon Ballew, PLLP; Missoula, Montana
(*Powder River, Inc.*)

Submitted on Briefs:  March 21, 2012

Decided:  May 1, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Appellant Marla Ward appeals the Thirteenth Judicial District Court's order granting Appellee Paul Johnson's motion for change of venue to Pondera County, where Johnson resides.  On the basis of controlling precedent, we reverse.

¶2     We address the following issues on appeal:

¶3     *1.  Whether the District Court erred in granting Johnson's motion for a change of venue to his county of residence.*

¶4     *2.  Whether application of Montana's venue statutes violates Johnson's right to equal protection of the law.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶5     On July 15, 2011, Ward filed suit seeking damages for personal injuries she sustained when a gate failed to latch and struck her in the head as she was sorting horses on Johnson's property.  She alleged claims for strict products liability and breach of warranties against Powder River, Inc., the gate's manufacturer.  She also claimed Johnson was negligent.  Ward is a resident of Yellowstone County and filed her complaint there.  Ward's injuries occurred in Pondera County.  Powder River is a non-resident corporation organized under the laws of the State of Idaho with its principal place of business in Utah.

¶6     On August 29, 2011, Johnson filed a motion to change venue.  Johnson argued Pondera County was the appropriate place for trial pursuant to § 25-2-122(1), MCA, as it was the only county where a defendant resided.  Powder River neither supported nor objected to the motion.  Ward opposed the motion, asserting our decision in *Nelson v.*

2

*Cenex Inc.*, 2004 MT 170, 322 Mont. 54, 97 P.3d 1073, controlled and permitted Ward to file her claim in Yellowstone County, her place of residence. The District Court, without mentioning *Nelson* in its order, ruled in favor of Johnson stating Pondera County was the only proper venue. Ward appeals.

## STANDARD OF REVIEW

¶7 Whether a county designated in the complaint is a proper place for trial is a question of law. *DML, Inc. v. Fulbright*, 2005 MT 204, ¶ 7, 328 Mont. 212, 119 P.3d 93. We review de novo a District Court's decision to transfer venue because the complaint was not filed in the proper county. *BNSF Ry. Co. v. State ex rel. Dept. of Envtl. Quality*, 2010 MT 46, ¶ 7, 355 Mont. 296, 228 P.3d 1115.

## DISCUSSION

¶8 *1. Whether the District Court erred in granting Johnson's motion for a change of venue to his county of residence.*

¶9 Venue is determined by the status of the parties and pleadings at the time of the complaint or at the time the moving party appears in the action. *Lockhead v. Weinstein*, 2001 MT 132, ¶ 5, 305 Mont. 438, 28 P.3d 1081. Section 25-2-114, MCA, permits a defendant to move for a change of venue when "an action is brought in a county not designated as the proper place for trial."

¶10 Section 25-2-118, MCA, the general rule for venue in civil actions, provides in pertinent part:

> (1) Except as provided in subsection (3) [concerning family law matters], the proper place of trial for all civil actions is the county in which the defendants or any of them reside at the commencement of the action.

3

(2) *If none of the defendants reside in the state*, the proper place of trial for a contract action is as provided in 25-2-121(1)(b) or (2) and the proper place of trial for a tort action is as provided in 25-2-122(2) or (3). [Emphasis added.]

With respect to tort actions, § 25-2-122, MCA, states:

(1) Except as provided in subsections (2) through (4), the proper place of trial for a tort action is:

(a) *the county in which the defendant or any of them reside at the commencement of the action*; or

(b) the county in which the tort was committed. . . .

(2) *If the defendant is a corporation incorporated in a state other than Montana*, the proper place of trial for a tort action is:

(a) the county in which the tort was committed;

(b) *the county in which the plaintiff resides*; or

(c) the county in which the corporation's resident agent is located, as required by law. [Emphasis added.]

¶11 Ward argues that § 25-2-122(2), MCA, controls here because Powder River is incorporated in a state other than Montana. Johnson asserts that subsection is applicable only where an out-of-state corporation is sued independently, or with another out-of-state corporation or individual. Finding our precedent determinative, we agree with Ward that subsection (2) allowed her to file her complaint in Yellowstone County.

¶12 In *Nelson*, the plaintiff filed his complaint in Lewis and Clark County, alleging tort claims against three corporate entities and two individual defendants. *Nelson*, ¶ 3. CHS, Inc., the successor-in-interest to the three corporate defendants, was incorporated

and maintained its principal place of business in Minnesota. CHS's registered agent in Montana was located in Lewis and Clark County. The two individual defendants were residents of Yellowstone County, and Nelson resided in Missoula County. The district court denied CHS's motion for a change of venue and this Court affirmed. *Nelson*, ¶ 13. We reaffirmed that § 25-2-118(2), MCA, did not apply "where one or more of the defendants reside[s] in Montana." *Nelson*, ¶ 12 (citing *Platt v. Sears, Roebuck & Co.*, 222 Mont. 184, 187, 721 P.2d 336, 338 (1986)). We disagreed with CHS's argument that § 25-2-122(1), MCA, required the case to be brought in the resident defendants' county of residence. Rejecting the contention that subsection (1) controlled because subsections (2) and (3) "only applied where **none** of the defendants reside[s] in Montana," we stated that when § 25-2-118(2), MCA, is inapplicable, "venue must be determined according to other venue statutes." *Nelson*, ¶¶ 11-12 (emphasis added). We held that Lewis and Clark County was a proper place for trial under § 25-2-122(2), MCA, and Nelson was "legally correct" in filing his complaint there. *Nelson*, ¶ 13.

¶13 *Nelson* compels a similar conclusion in this case. We agree with Johnson that Pondera County would have been a proper place for trial under § 25-2-122(1), MCA. Nonetheless, because Powder River is incorporated in a state other than Montana, § 25-2-122(2), MCA, also specifies a proper place for trial. Accordingly, Ward's decision to file her complaint in Yellowstone County was legally correct under § 25-2-122(2)(b), MCA.

¶14 Johnson attempts to distinguish *Nelson* by noting that in that case it was CHS, the out-of-state corporation, that challenged venue; here, Johnson, the in-state individual

5

defendant, is asserting his right to have the trial conducted in his county of residence as provided by § 25-2-118(1), MCA. This distinction is not supported by our construction of the statute in *Nelson*. Our decision there did not depend on which defendant sought a change of venue, but on whether one or more of the defendants was a Montana resident.

¶15 We recognize the historical preference of the law for defendants to be sued in their county of residence (*See Hardenburgh v. Hardenburgh*, 115 Mont. 469, 475, 146 P.2d 151, 153 (1944); *McNussen v. Graybeal*, 141 Mont. 571, 578-79, 380 P.2d 575, 578-79 (1963)). Johnson makes a plausible argument for construction of the venue statutes, but it is one we already rejected in *Nelson*. If our holding there does not accurately reflect the intent of the statute, it remains the prerogative of the Legislature to amend it. *Certain v. Tonn*, 2009 MT 330, ¶ 18, 353 Mont. 21, 220 P.3d 384 (citing *Sampson v. Natl. Farmers Union Prop. & Cas. Co.*, 2006 MT 241, ¶ 20, 333 Mont. 541, 144 P.3d 797). The Legislature has not done so; therefore our interpretation in *Nelson* controls.

¶16 Moreover, the law makes clear that where there are two or more defendants, "a proper place of trial for any defendant is proper for all defendants." Section 25-2-117, MCA. This statute "is intended to apply to all venue provisions." *Weiss v. State*, 219 Mont. 447, 450, 712 P.2d 1315, 1317 (1986). "[T]he right to move for a change of venue under § 25-2-117, MCA, applies only if the action is filed in a county that is a proper place of trial for ***none*** of the defendants." *Farmers Union Ass'n v. Paquin*, 2009 MT 305, ¶ 12, 352 Mont. 390, 217 P.3d 74 (emphasis added). Since Yellowstone County is a

6

proper county for trial as to defendant Powder River under § 25-2-122(2), MCA, it also is a proper county as to Johnson.

¶17    *2. Whether application of Montana's venue statutes violates Johnson's right to equal protection of the law.*

¶18    Johnson asserts that this application of the venue statutes would violate his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution and Article II, Section 4 of the Montana Constitution because it treats resident defendants differently depending on whether they are sued with a non-resident defendant. Ward argues Johnson is prohibited from asserting this constitutional claim because Johnson did not notify the Attorney General pursuant to M. R. App. P. 27. Under that rule, "a party who challenges the constitutionality of any act of the Montana legislature . . . must give notice to the supreme court and to the Montana attorney general of the existence of the constitutional issue." Ward contends Johnson's failure to provide notice denied the State an opportunity to advance a legitimate governmental interest in maintaining the current venue statutes. For the reasons that follow, we do not rely on Ward's notice argument but conclude that Johnson's constitutional rights are not violated by application of the statutes in question.

¶19    We have analyzed a party's constitutional arguments absent compliance with the notice requirement in cases where the challenging party was not asserting the statute itself was unconstitutional. *Polasek v. Omura*, 2006 MT 103, ¶ 20, 332 Mont. 157, 136 P.3d 519. Here, Johnson is not asserting the plain language of § 25-2-122, MCA, is unconstitutional; rather, it is this Court's application of the statute in multiple-defendant

7

cases that allegedly violates his right to equal protection. It is also unclear whether M. R. App. P. 27 applies when, as here, the constitutional issue is raised by the appellee in defense of a district court's ruling on non-constitutional grounds. Our previous cases rejecting the constitutional claim for noncompliance with the rule did not consider this unique situation. *Boettcher v. Mont. Guaranty Fund*, 2006 MT 127, ¶ 12, 332 Mont. 279, 140 P.3d 474; *Weinert v. City of Great Falls*, 2004 MT 168, ¶ 13, 322 Mont. 38, 97 P.3d 1079; *Russell v. Masonic Home of Mont., Inc.*, 2006 MT 286, ¶ 20, 334 Mont. 351, 147 P.3d 216. Given the lack of clear application of the rule in this instance, we consider Johnson's constitutional argument on its merits.

¶20 Johnson asserts that our application of § 25-2-122(2), MCA, violates his right to equal protection because he is compelled to defend this action in Ward's county of residence simply because she named a nonresident defendant in her complaint. "The principal purpose of the Equal Protection Clause, Article II, Section 4, of the Montana Constitution, is to ensure that persons who are citizens are not subject to arbitrary and discriminatory state action." *Timm v. Mont. Dept. of Pub. Health & Human Servs.*, 2008 MT 126, ¶ 30, 343 Mont. 11, 184 P.3d 994.

¶21 The right to equal protection "does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection," it merely requires that those classifications are not arbitrarily made and have "a reasonable relation to the subject of that particular legislation." *Ford v. Burlington N. R.R.*, 250 Mont. 188, 193, 819 P.2d 169, 173 (1991) (quoting *Power Mfg. Co. v. Saunders*, 274 U.S. 490, 493,

47 S. Ct. 678, 679 (1927). If the "classification is neither capricious nor arbitrary, and rests upon real differences and some reasonable consideration of difference or policy, there is no denial of the equal protection of the law." *Powder River Co. v. State*, 2002 MT 259, ¶ 79, 312 Mont. 198, 60 P.3d 357. Our review of these classifications is not confined to the purposes advanced by the legislature or litigants, but extends to "any possible purpose of which the court can conceive." *Satterlee v. Lumberman's Mut. Cas. Co.*, 2009 MT 368, ¶ 34, 353 Mont. 265, 222 P.3d 566. This standard reflects the notion "that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314, 96 S. Ct. 2562, 2567 (1976).

¶22 In *Ford*, the plaintiff was injured while working as a locomotive engineer and filed suit in Yellowstone County against an out-of-state corporation under the Federal Employers Liability Act. 250 Mont. at 189, 819 P.2d at 170. Burlington argued our application of the venue statutes in FELA cases violated its right to equal protection by permitting actions against a foreign corporation in any county, while actions against a domestic corporation could only be brought in the county where it had its principal place of business. 250 Mont. at 190, 819 P.2d at 171. We disagreed, noting the United States Supreme Court's observation that a state's directive as to one proper forum over another "can have no tendency to violate the guarantee of the equal protection of the laws where in both the forums equality of the law governs and equality of administration prevails." *Ford*, 250 Mont. at 192, 819 P.2d at 171 (quoting *Cincinnati Street Ry. Co. v. Snell*, 193

9

U.S. 30, 37, 24 S. Ct. 319, 321 (1904)). We declined to address whether there was a rational basis for treating out-of-state corporations differently due to a "national policy" allowing railroad workers "to sue their employer at any location where the employer does business." 250 Mont. at 195, 819 P.2d at 174.

¶23 On certiorari, the United States Supreme Court affirmed. It held that Montana's venue laws satisfied rational basis review because, in adjusting the "warring interests" of parties with different forum preferences, states may have a number of choices, "each of them passable under the standard tolerating some play in the joints of governmental machinery." *Burlington N. R.R. v. Ford*, 504 U.S. 648, 651, 112 S. Ct. 2184, 2186-87 (1992). It concluded that Montana rationally could have decided that "a nonresident defendant's interest in convenience is too slight to outweigh the plaintiff's interest in suing in the forum of his choice." 504 U.S. at 652, 112 S. Ct. at 2187. The Court explained that states must be afforded some liberty in striking a balance between these competing interests; thus, "a State would act within its constitutional prerogatives if it were to give so much weight to the interests of plaintiffs as to allow them to sue in the counties of their choice under all circumstances." 504 U.S. at 651-52, 112 S. Ct. at 2187. Finally, the Court acknowledged that while Montana could have implemented its policy judgment "with greater precision," the distinctions withstood rational-basis review because "rational distinctions may be made with substantially less than mathematical exactitude." 504 U.S. at 653, 112 S. Ct. at 2187 (quoting *New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S. Ct. 2513, 2517 (1976)).

¶24 We conclude, as in *Ford*, that there is a rational basis for a legislative determination to expand a plaintiff's venue options when there are both resident and nonresident defendants. The legislature could have presumed that, because the nonresident defendant will be inconvenienced regardless of where the suit is brought, the resident defendant, rather than the plaintiff, should bear any additional burdens associated with venue. This is not an arbitrary distinction, as a plaintiff's interest in filing suit in the forum of her choice is likely greater when there are multiple defendants involved in the litigation residing both in and outside of Montana. We also note that the statute at issue in *Ford* was amended by the legislature so that plaintiffs in tort actions now are afforded only two more options for proper venue—their place of residence or where the tort was committed—rather than any county of their choice. Section 25-2-118(2), MCA. Accordingly, a plaintiff is not permitted to simply choose the venue farthest away from the resident defendant and, in many instances, one of the two additional locations also will be where the defendant resides. While a different scheme would have been permissible, the legislature's policy choice in this instance is not constitutionally invalid.

¶25 We conclude that the statute permitting Ward to file her action in the county of her residence does not deprive Johnson of the equal protection of the laws. Ward filed her complaint in a proper county. The District Court's order granting Johnson's motion to change venue is reversed.

/S/ BETH BAKER

11

We concur:


/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE