**FILED**

September 15 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 305

FARMERS UNION ASSOCIATION, BIG HORN
COUNTY, MONTANA,

        Plaintiff and Appellant,

v.

GERALD PAQUIN, RONALD NEDENS,
and JOHN DOES, 1-5,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DV-08-0134
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jeffery A. Hunnes; Guthals, Hunnes & Reuss, Billings, Montana

        For Appellee Ronald Nedens:

        Patricia D. Peterman; Patten, Peterman, Bekkedahl & Green,
Billings, Montana

Submitted on Briefs:  August 12, 2009

Decided:  September 15, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1  The Thirteenth Judicial District Court, Yellowstone County, granted defendant Ronald Nedens' motion to change venue for this action from Yellowstone County to Big Horn County. Plaintiff Farmers Union Association (FUA) appeals. We reverse and remand.

¶2  The sole issue on appeal is whether the District Court erred in changing venue.

BACKGROUND

¶3  According to FUA's 92-paragraph complaint, FUA is a Montana cooperative association engaged in the business of selling agricultural products and services, with its principal place of business in Big Horn County, Montana. FUA's former salesman Gerald Paquin is a resident of Yellowstone County, Montana, and its former general manager Ronald Nedens is a resident of Big Horn County, Montana. In its complaint, FUA alleges that, beginning in 2004, Paquin made secret cash payments or kickbacks to Nedens for the purchase and sale of certain feed ingredients on behalf of FUA. FUA's complaint sets forth claims against Paquin of conversion/misappropriation, money owed, recovery of funds, actual fraud, constructive fraud, breach of duty of loyalty and statutory duties, and negligence. It states claims against Nedens of breach of manager's agreement; breach of duty of loyalty, statutory duties, and negligence; actual fraud; and constructive fraud. FUA also requests a declaratory judgment that Nedens is entitled to neither wages he claims are due him nor a bonus pursuant to his manager's agreement. Finally, FUA alleges Paquin and Nedens conspired against it, and claims entitlement to

2

both compensatory and punitive damages.

¶4 Nedens moved for a change of venue to Big Horn County, on grounds that he performed his employment contract in that county. The Yellowstone County District Court first denied, then later held a hearing on and granted, that motion. The court reasoned Nedens was entitled to a change of venue under § 25-2-116, MCA, which allows any party to an action involving two or more claims who is entitled to a change of place of trial on any claim a change of place of trial on the entire action. FUA appeals.

## STANDARD OF REVIEW

¶5 Determination of whether a county represents the proper place for trial is an issue of law involving application of the venue statutes to the pleaded facts. Our review of a district court's grant or denial of a motion for change of venue is plenary, and we determine whether the district court's ruling was legally correct. *DML, Inc. v. Fulbright*, 2005 MT 204, ¶ 7, 328 Mont. 212, 119 P.3d 93. In so doing, we operate under the presumption that the legislature does not pass meaningless legislation, and we will harmonize statutes relating to the same subject in order to give effect to each statute. *Oster v. Valley Co.,* 2006 MT 180, ¶ 17, 333 Mont. 76, 140 P.3d 1079.

## DISCUSSION

¶6 *Did the District Court err in changing venue?*

¶7 Several statutes govern venue for a civil action in Montana. The basic rule is that the proper place of trial is the county in which the defendants or any defendant resides. Section 25-2-118, MCA. The Montana Legislature has enacted variations on the basic venue rule, for certain specific types of cases. Sections 25-2-121 and -122, MCA, set

3

forth venue rules for contract actions and tort actions. The proper place of trial for an action based on a contract claim is either the county in which the defendants or any of them reside, or the county in which the contract was to be performed. Section 25-2-121(1), MCA. In an action based on a contract of employment or for the performance of services, the proper place of trial is the county where the labor or services were to be performed. Section 25-2-121(2)(b), MCA. The proper place of trial for a tort action usually is the county in which the defendants or any of them reside or the county in which the tort was committed. Section 25-2-122(1), MCA.

¶8 If an action is brought in a county not designated as the proper place of trial, a defendant may move for a change of venue to a proper county. Section 25-2-114, MCA. In an action involving two or more claims, a party entitled to a change of venue on any claim is entitled to a change of venue on the entire action. Section 25-2-116, MCA. However, if an action names two or more defendants, a county that is a proper place of trial for any defendant is proper for all defendants. Section 25-2-117, MCA.

¶9 In granting Nedens' motion for change of venue, the District Court orally stated its decision was based on § 25-2-116, MCA, and the county in which Nedens was to perform his employment contract. We observe that the Evidence Commission's Recommendations for Revisions codified with § 25-2-116, MCA, state the statute represents an effort to address multiple claim situations in which the county where the plaintiff files is correct for one claim but not for one or more of the others. The recommendations further state

the Court feels the rule is necessary to prevent a plaintiff from controlling

4

venue by adding spurious claims that have little or no validity, but are triable in the forum the plaintiff chooses rather than at the normal situs which would be the defendant's residence or another location more favorable to the defendant.

The purpose for which § 25-2-116, MCA, was enacted is not implicated in this case.

¶10 In addition, § 25-2-116, MCA, states it applies "[i]n an action involving two or more claims for which this part designates more than one as a proper place of trial," in which case "a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action." Here, the complaint contains no allegations as to the place of performance of Nedens' contract. We will not go beyond the allegations contained in the complaint to determine questions of venue. *Allen v. Atlantic Richfield Co.*, 2005 MT 281, ¶ 13, 329 Mont. 230, 124 P.3d 132. Our decision must be based on the counties of residence of the defendants—Yellowstone County for Paquin and Big Horn County for Nedens.

¶11 On appeal, Nedens relies on our cases holding that a specific venue statute controls over a more general statute. *See Circle S Seeds of Montana, Inc. v. Montana Merchandising, Inc.*, 2006 MT 311, ¶¶ 22-23, 335 Mont. 16, 157 P.3d 671, and *Whalen v. Montana Right to Life Assn.*, 2002 MT 328, ¶ 9, 313 Mont. 204, 60 P.3d 972. He argues that § 25-2-121, MCA, the specific venue statute for contract cases, controls over the general venue statute, § 25-2-118, MCA. Where, as here, the only venue references provided in the complaint are the Montana counties of residence of the plaintiff and the defendants, the venue provisions of §§ 25-2-118 and -121, MCA, do not differ.

¶12 Nedens additionally argues the second sentence of § 25-2-117, MCA—which

5

provides that "[i]f an action with two or more defendants is brought in a county that is not a proper place of trial for any of the defendants, any defendant may make a motion for change of place of trial to any county which is a proper place of trial"—applies to any action brought in a county that is not a proper venue for any one of the defendants. FUA argues, to the contrary, that the right to move for a change of venue under § 25-2-117, MCA, applies only if the action is filed in a county that is a proper place of trial for <u>none</u> of the defendants. We agree with FUA. This interpretation is necessary to give effect to the first sentence of the statute, "[i]f there are two or more defendants in an action, a county that is a proper place of trial for any defendant is proper for all defendants, subject to the power of the court to order separate trials[.]"[1] This interpretation also is consistent with *Allen*; *Meyer v. Montana Power Co., LLC*, 2005 MT 66, 326 Mont. 283, 109 P.3d 269; *Liang v. Lai*, 2004 MT 188, 322 Mont. 199, 94 P.3d 759; *Nelson v. Cenex, Inc.*, 2004 MT 170, 322 Mont. 54, 97 P.3d 1073; *State ex rel. Dept. of Health and Environmental Sciences v. Pegasus Gold Corp.*, 270 Mont. 32, 889 P.2d 1197 (1995); and *Weiss by and through Weiss v. State*, 219 Mont. 447, 712 P.2d 1315 (1986).

¶13　Under the allegations of the complaint filed in this case, while Yellowstone County is not a proper place of trial for claims filed against Nedens only, because it is not his county of residence, Big Horn County is not a proper place of trial for the claims against Paquin only, because it is not his county of residence. In short, no county exists which is proper for all defendants on all claims. In this situation, giving precedence to §

---

[1] Here, the District Court has declined to order separate trials, and that ruling has not been appealed.

25-2-116, MCA, over the other venue statutes would result in no venue being proper. However, under § 25-2-114, MCA, a party may move for a change of venue if an action is brought in a county that is not a proper place of trial. Because this action, as a whole, could have been brought in either Big Horn or Yellowstone County pursuant to §§ 25-2-117, -118, -121, and -122, MCA, Nedens did not meet the § 25-2-114, MCA, prerequisite. Thus Nedens was not entitled to a change of venue.

¶14 We recognize that in both *Buhmann v. State*, 2008 MT 465, 348 Mont. 205, 201 P.3d 70, and in *DML* we ruled that changes of venue were proper under § 25-2-116, MCA, where the venue chosen by the plaintiff was improper as to one claim in a multi-claim action. However, in *Buhmann*, unlike in this case, a county existed in which venue was proper for all claims. And in *DML*, unlike in this case, the plaintiffs had attempted to control venue by combining their claims to produce the effect that the place of trial would be a county other than one of a defendant's residence or the place specified for performance of the contracts.

¶15 We conclude that Yellowstone County is a proper place of trial for this action, so that Nedens was not entitled to a change of venue. We hold the Thirteenth Judicial District Court erred in granting Nedens' motion for change of venue. Reversed and remanded for further proceedings consistent with this Opinion.

/S/ MIKE McGRATH

7

We concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS