FILED

02/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0438

DA 16-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 19

IN THE MATTER OF THE ADOPTION OF:

C.J.L.,

    A minor child.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twelfth Judicial District,<br>In and For the County of Hill, Cause No. DA-15-008<br>Honorable Daniel A. Boucher, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Lindsay A. Lorang, Lorang Law, PC, Havre, Montana

    For Appellee:

        Thea Bauer, Self-Represented, Havre, Montana

Submitted on Briefs: January 11, 2017

Decided: February 7, 2017

Filed:

                        Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1     Two would-be adoptive parents (Appellants) petitioned the Montana Twelfth Judicial District Court in Hill County to terminate the parental rights of C.J.L.'s natural mother and adopt C.J.L.  The District Court determined it lacked "venue jurisdiction" and dismissed the petition.  Appellants timely appealed.  We reverse and remand.

## ISSUE

¶2     The issue on appeal is:  Did the District Court err as a matter of law in dismissing the petition for lack of "venue jurisdiction"?

## BACKGROUND

¶3     C.J.L. was born in Havre, Montana, in 2015.  Shortly after C.J.L.'s birth, C.J.L.'s mother signed an affidavit relinquishing her parental rights and consenting to C.J.L.'s adoption by Appellants.  She also signed a power of attorney granting Appellants the right to make parenting decisions in her stead.  In November 2015, Appellants filed a consolidated petition to formally terminate the natural mother's parental rights, gain temporary legal custody of C.J.L. during the proceedings, and ultimately adopt C.J.L.  At the time, C.J.L. lived with Appellants in Illinois and C.J.L.'s natural mother lived in Havre.  Although the petition was uncontested, the District Court ultimately dismissed the petition for lack of "venue jurisdiction."

## STANDARD OF REVIEW

¶4     A district court's interpretation and application of a venue statute to pleaded facts is a conclusion of law that we review for correctness.  *Yeager v. Morris*, 2013 MT 44, ¶ 9, 369 Mont. 90, 296 P.3d 1164.  A district court's determination that it lacks

jurisdiction over a matter is likewise a conclusion of law that we review for correctness. *In re Support Obligation of McGurran*, 2002 MT 144, ¶ 7, 310 Mont. 268, 49 P.3d 626.

## DISCUSSION

*¶5 Did the District Court err as a matter of law in dismissing the petition for lack of "venue jurisdiction"?*

¶6 The distinction between jurisdiction and venue is well established. Simply put, jurisdiction refers to the authority of the court to adjudicate a case, whereas venue refers to the place where a case will be heard. *McGurran*, ¶¶ 12-13. No agreement of the parties can confer jurisdiction on a court that would otherwise lack authority to decide a case. *McGurran*, ¶ 12. Venue, on the other hand, is a "personal privilege of [a party] and, thus, may be waived." *McGurran*, ¶ 13. We have long recognized that only the benefitted party may exercise this privilege—a district court may not invoke a venue statute on the party's behalf. *Putro v. Mannix Elec.*, 147 Mont. 314, 319, 412 P.2d 410, 412 (1966) (citing *State ex rel. Gnose v. Dist. Court*, 30 Mont. 188, 75 P. 1109 (1904)). If the benefitted party does not timely invoke this privilege, it will be deemed waived. *See* M. R. Civ. P. 12(b)(3).

¶7 Montana's district courts have broad subject matter jurisdiction, encompassing "all civil matters and cases at law and in equity." Mont. Const. art. VII, § 4(1); *accord* § 3-5-302, MCA. Whether a particular district court is the proper place to hear a civil matter is generally determined by the venue statutes at §§ 25-2-111 through -131, MCA. These statutes make clear that the "designation of a county in this part as a proper place of trial is not jurisdictional and does not prohibit the trial of any cause in any court of this

3

state having jurisdiction." Section 25-2-112, MCA. The Legislature has carved out several exceptions to the general venue guidelines of Title 25, chapter 2, part 1. In those instances, the proper place for trial will be determined by the more specific statute. Section 25-2-131, MCA.

¶8 The general venue statutes consistently use the phrase "proper place of trial" rather than the more technical term "venue," but this language does not appear in the specific venue statute at issue here. In dismissing the petition, the District Court cited § 42-1-104(1), MCA, which states that "[p]roceedings for adoption must be brought in the district court of the county where the petitioners reside." Although the statute is titled "Venue," we have long held that "the text of the statute takes precedence over the title in matters of statutory interpretation." *Orozco v. Day*, 281 Mont. 341, 347-48, 934 P.2d 1009, 1012-13 (1997). Because the plain language of the statute imposes a mandatory filing requirement, we understand why the District Court interpreted § 42-1-104, MCA, as more than a venue statute.

¶9 This is not the first time we have addressed a venue statute that reads like a jurisdictional requirement. In *McGurran*, we considered whether § 2-4-702(2)(a), MCA, limited a district court's jurisdiction or simply designated proper venues. That statute establishes the process for initiating judicial review of a contested administrative case. In relevant part, the statute provides that a petition for judicial review "must be filed in the district court for the county where the petitioner resides or has the petitioner's principal place of business or where the agency maintains its principal office." Section 2-4-702(2)(a), MCA. The district court in *McGurran* interpreted the statute "as a

4

requirement that a petition for judicial review must be filed in the correct venue for the court to obtain jurisdiction." *McGurran*, ¶ 11 (internal quotation marks omitted). We disagreed, concluding that the above-quoted passage from § 2-4-702(2)(a), MCA, was nothing more than a venue provision, which could not deprive district courts of jurisdiction. *McGurran*, ¶ 16.

¶10 Sections 42-1-104(1), and 2-4-702(2)(a), MCA, contain similar mandatory language: "must be brought" and "must be filed," respectively. Like the court in *McGurran*, the District Court here interpreted the mandatory terms as a jurisdictional requirement. As in *McGurran*, we hold that the statute at issue here is essentially a venue statute. Therefore, the mandatory language of § 42-1-104, MCA, does not deprive the District Court of jurisdiction.

¶11 In the case of an uncontested adoption, there is no defendant or respondent to object on the grounds of improper venue. Although the present proceeding in Hill County is likely inconvenient for Appellants,[1] they were not practically in a position to object to the proceeding on venue grounds. In fact, they affirmatively chose Hill County as the venue for the petition. The District Court may not invoke the venue statute *sua sponte*. We therefore conclude that the District Court erred as a matter of law in dismissing Appellants' petition for improper "venue jurisdiction."

¶12 The statutory framework of the Montana Adoption Act, Title 42, MCA, supports our conclusion. In cases of direct parental placement, the prospective adoptive parents

---

[1] Appellants informed the District Court that they filed their petition in Montana after several attorneys in their home state of Illinois advised them that Illinois did not have jurisdiction over the petition.

must file both a petition to terminate existing parental rights and a petition to adopt the child who is the subject of the proceedings. Section 42-4-110(1), MCA. The statute implies both petitions should be filed in the same district court. *See* § 42-4-110(2), MCA (requiring petitioners to "request that *the court* promptly notice the matters" for a timely hearing (emphasis added)). The venue statute governing petitions to terminate parental rights provides that they "may be filed in the court in the county in which a petitioner resides, the child resides, or an office of the agency that is placing the child is located." Section 42-2-601, MCA. The residence of an unmarried minor is the residence of the minor's parents. Section 1-1-215(4)(a), MCA.

¶13 C.J.L.'s mother was a resident of Hill County when Appellants filed their petition. Although she had signed an affidavit waiving her parental rights, no court has formally terminated her rights and status as C.J.L.'s parent. Applying § 1-1-215(4)(a), MCA, C.J.L. was still a resident of the same county as his mother when the petition was filed, even though he recently began living with Appellants in Illinois. Pursuant to § 42-2-601, MCA, Hill County is therefore a proper venue to hear the petition to terminate parental rights. Because § 42-4-110(2), MCA, contemplates that the same district court would hear both the petition to terminate parental rights and the petition to adopt, Hill County is logically the proper venue to hear Appellants' consolidated petition. To hold otherwise would force Appellants to initiate two distinct yet inseparably linked proceedings: one to terminate parental rights and one to adopt C.J.L. The former could be filed in Hill County, but the latter could not be filed in Montana. The slightest gap in coordinating the

6

two proceedings could place C.J.L.'s legal guardianship in limbo, which is decidedly not the intent of the Montana Adoption Act. *See* § 42-1-102, MCA.

## CONCLUSION

¶14 Despite its mandatory language, the adoption venue statute does not deprive the District Court of jurisdiction to consider Appellants' petition to adopt C.J.L. In light of the purpose and framework of the Montana Adoption Act, we conclude that Hill County is the proper venue to hear the consolidated petition to terminate the parental rights of C.J.L.'s mother and adopt C.J.L. Reversed and remanded.

/S/ DIRK M. SANDEFUR

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER