Justice James Jeremiah Shea delivered the Opinion of the Court.
*115 ***430 ¶1 Appellant Matthew M. Rosendale (Commissioner) appeals the Order of the First Judicial District Court, Lewis and Clark County, granting Victory Insurance Company's (Victory) Motion to Change Venue. We address the following issue:
Whether the District Court erred in granting Victory's Motion to Change Venue on the basis that the venue provision in § 33-2-1118, MCA, controlled over the venue provision in § 25-2-124, MCA.
¶2 We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 Victory is a Montana workers' compensation insurance company with its principal office located in Custer County. Keith Brownfield is Victory's president and chief executive officer. The Judy Bretsch Trust (Trust) is a living trust formed under the laws of South Dakota and is a Victory shareholder.
¶4 On September 19, 2017, the Commissioner filed a Complaint in the First Judicial District Court, Lewis and Clark County, against Victory, Brownfield, and the Trust, seeking statutory fines and to enjoin Victory pursuant to alleged violations of Montana's Holding Company Act. The Commissioner argued venue was proper in Lewis and Clark County because the Commissioner sought statutory fines pursuant to § 25-2-124, MCA, and injunctive relief pursuant to § 33-2-1118, MCA.
¶5 On October 4, 2017, Victory filed a Motion to Change Venue. In its Motion, Victory argued § 33-2-1118, MCA, requires the injunction claim be filed in Custer County and necessitates a transfer of the entire action to Custer County. On February 28, 2018, the District Court granted Victory's Motion to Change Venue, holding that § 33-2-1118, MCA, controlled and that venue was proper in Custer County. The Commissioner appeals.
***431 STANDARD OF REVIEW
¶6 Whether a county is the proper venue for trial is an issue of law involving the application of the venue statutes to the pleaded facts. Farmers Union Ass'n v. Paquin , 2009 MT 305, ¶ 5, 352 Mont. 390, 217 P.3d 74. This Court's review of a district court's grant or denial of a motion for change of venue is plenary, and we review the district court's ruling for correctness. Paquin , ¶ 5.
DISCUSSION
¶7 Whether the District Court erred in granting Victory's Motion to Change Venue on the basis that the venue provision in § 33-2-1118, MCA, controlled over the venue provision in § 25-2-124, MCA.
¶8 Whether a particular district court is a proper venue is generally determined by the venue statutes in Title 25. See §§ 25-2-111 through 25-2-131, MCA. If an action is brought in an improper venue, a defendant may move for a change of venue to a designated county. Section 25-2-114, MCA. If an action involves two or more claims where Title 25, chapter 2, part 1, designates more than one venue as a proper place of trial, a party entitled to a change of venue on any claim is entitled to a change of venue on the entire action. Section 25-2-116, MCA. If there are two or more defendants in an action, a county that is a proper venue for any defendant is proper for all defendants. Section 25-2-117, MCA.
¶9 The Legislature created an exception to the general venue guidelines where a venue provision outside of Title 25, chapter 2, part 1, conflicts with a Title 25 venue statute. See In re C.J.L. , 2017 MT 19, ¶ 7, 386 Mont. 218, 388 P.3d 951 (citing § 25-2-131, MCA ). In such instances, specific venue statutes outside *116 of Title 25, chapter 2, part 1, control over more general venue statutes within Title 25, chapter 2, part 1. Section 25-2-131, MCA ("The provisions of this part do not repeal, by implication or otherwise, specific statutes not within this part , designating a proper place of trial, whether or not such a designation is called venue or proper place of trial.") (emphasis added).
¶10 This Court will "avoid a statutory construction that renders any section of a statute superfluous or fails to give effect to all of the words used." Mont. Trout Unltd. v. Mont. Dep't of Nat'l Res. & Conserv ., 2006 MT 72, ¶ 23, 331 Mont. 483, 133 P.3d 224 (citation omitted); see also § 1-2-101, MCA. This Court operates "under the presumption that the legislature does not pass meaningless legislation, and we will harmonize statutes relating to the same subject in order to give effect to each statute." Paquin , ¶ 5.
***432 ¶11 The Commissioner's Complaint seeks statutory fines pursuant to § 25-2-124, MCA, and an injunction pursuant to § 33-2-1118, MCA. Section 25-2-124, MCA, states in relevant part:
The proper place of trial for the recovery of a penalty or forfeiture imposed by statute is the county where the cause or some part thereof arose....
Section 33-2-1118, MCA, states:
Whenever it appears to the commissioner that any insurer or any director, officer, employee, or insurance producer thereof has committed or is about to commit a violation of this part or of any rule or order issued by the commissioner hereunder, the commissioner may apply to the district court for the county in which the principal office of the insurer is located or if such insurer has no such officer in this state then to the district court for Lewis and Clark County for an order enjoining such insurer or such director, officer, employee, or insurance producer thereof from violating or continuing to violate this part or any such rule or order and for such other equitable relief as the nature of the case and the interests of the insurer's policyholders, creditors, and shareholders or the public may require.
(Emphasis added.)
¶12 In this case, the District Court determined the Commissioner ignored the plain language of § 33-2-1118, MCA, and held the Commissioner must seek injunctive relief in Custer County. The District Court also concluded that Custer County is a proper venue for Brownfield and the Trust, pursuant to § 25-2-117, MCA, because Custer County is a proper venue for Victory.
¶13 The Commissioner argues venue is mandatory and proper in Lewis and Clark County because the claims involve Victory, Brownfield, and the Trust's alleged failure to make regulatory filings under Montana's Holding Company Act. The Commissioner contends § 25-2-124, MCA, is the mandatory and specific venue provision for this action, and Lewis and Clark County is the proper venue for all the defendants, because the Complaint's statutory fine claims arose in Helena. Additionally, the Commissioner argues under Paquin that when there are two potentially proper venues, and neither is proper for all defendants and all claims, no defendant has the right to move for a change of venue if the plaintiff's choice was a proper venue for at least one defendant. The Commissioner argues Lewis and Clark County is proper for at least the Trust because of the statutory penalty sought under § 25-2-124, MCA, and the District Court erred by granting primacy to § 33-2-1118, MCA, because that section applies ***433 only to insurers or directors, officers, or employees of the insurer.
¶14 Victory argues that the specific venue provision in § 33-2-1118, MCA, should control over the general venue provision found in § 25-2-124, MCA. Victory also argues the Commissioner's interpretation of § 33-2-1118, MCA, would render its venue provision meaningless because § 33-2-1118, MCA, would consistently concede to the statutory penalty venue provision in § 25-2-124, MCA, and the Commissioner could always avoid it by raising a statutory forfeiture claim.[1] We agree.
*117 ¶15 The specific venue provision language in § 33-2-1118, MCA, defeats the general venue provision language found in § 25-2-124, MCA. The plain language of § 33-2-1118, MCA, clearly indicates the Commissioner must seek injunctive relief in the district court "for the county in which the principal office of the insurer is located...." Section 33-2-1118, MCA. Section 25-2-124, MCA, is a venue statute that generally applies to statutory penalty cases. However, § 33-2-1118, MCA, is the more specific venue statute for this action because it involves the alleged failure to file as a holding company under Title 33-the actual complaint brought by the Commissioner-and not just the enforcement of a general statutory penalty. See § 25-2-131, MCA. Section 25-2-131, MCA, provides that specific statutes control, and § 33-2-1118, MCA, provides the specific venue provision when injunctions are sought under Title 33. Accordingly, § 33-2-1118, MCA, controls venue in this action and requires it to be placed in Custer County, the location of the principal office and residence of Victory. See § 25-2-131, MCA ; § 33-2-1118, MCA ; In re C.J.L. , ¶ 7.
¶16 Allowing for the venue provision in § 25-2-124, MCA, to control would render the venue provision in § 33-2-1118, MCA, superfluous. See Mont. Trout Unltd. , ¶ 23. Under our jurisprudence, both § 25-2-124, MCA, and § 33-2-1118, MCA, must be harmonized to give effect to each statute. See Paquin , ¶ 5. The Commissioner's claim seeking injunctive relief requires that the more specific venue statute, § 33-2-1118, MCA, control to not render its venue provision meaningless. See § 25-2-131, MCA ; Mont. Trout Unltd. , ¶ 23 ; Paquin , ¶ 5.
¶17 The Commissioner's argument that, under Paquin , a defendant ***434 may only attempt to change venue if the initial action is brought in a county that is improper for all defendants is unavailing. Paquin concerned a conflict between multiple Title 25, chapter 2, part 1, venue statutes resulting in two potentially proper venues where neither venue was proper for all defendants and all claims. See Paquin , ¶ 13. Paquin did not address the issue in this action where a conflict exists between a specific venue provision outside Title 25, chapter 2, part 1, and a general venue provision within Title 25, chapter 2, part 1. Here, § 33-2-1118, MCA, is the specific statute concerning venue relating to the Complaint's allegation that Victory failed to file as a holding company and is outside Title 25, chapter 2, part 1. Therefore, according to § 25-2-131, MCA, § 33-2-1118, MCA, controls and requires a change of venue to Custer County. See § 25-2-131, MCA ; § 33-2-1118, MCA.
¶18 Venue for the Commissioner's claims is proper in Custer County for Brownfield and the Trust because "[i]f there are two or more defendants in an action, a county that is a proper place of trial for any defendant is proper for all defendants...." See § 25-2-117, MCA. Custer County is the only appropriate venue for Victory and, therefore, is also an appropriate venue for Brownfield and the Trust.
¶19 The District Court correctly concluded Victory is entitled to a change of venue based on the injunctive relief sought by the Commissioner. See Paquin , ¶ 5. Consequently, Victory is entitled to a change of venue on the entire action. See § 25-2-116, MCA.
CONCLUSION
¶20 The specific venue provision in § 33-2-1118, MCA, controls over the general venue provision in § 25-2-124, MCA. The District Court correctly concluded venue is proper in Custer County for all the defendants. We affirm.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
BETH BAKER, J.
JIM RICE, J.

Victory additionally raised that this Court could affirm the District Court under the "wrong reason, right result" rule by holding the District Court lacked subject matter jurisdiction over the statutory fines because the Commissioner failed to administratively exhaust the fine claims. See State v. Ellison , 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646 (citation omitted). That issue is not addressed in the District Court's Order on the Motion to Change Venue before us in this appeal.