Justice Ingrid Gustafson delivered the Opinion of the Court.
***223 ¶1 Defendant Ford Motor Company (Ford) files an interlocutory appeal challenging the Eighth Judicial District Court's denial of its motion to change venue. We affirm.
¶2 This Court restates the issue on appeal as follows:
Whether the county in which a decedent's personal representative resides is a proper venue in survival and wrongful death actions pursuant to § 25-2-122(2), MCA.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On May 22, 2015, Markkaya Gullett (Decedent), a resident of Mineral County, Montana, died of injuries suffered when her 1996 Ford Explorer lost stability and rolled into a ditch in Mineral County. Charles Lucero is the personal representative of Decedent's estate.
¶4 On May 2, 2018, Lucero filed suit against Ford in Cascade County, Montana, on behalf of Decedent and her heirs. The complaint alleges three claims against Ford: strict liability for design defects; strict liability for failure to warn; and negligence. The estate seeks compensatory and punitive damages against Ford. Additionally, the complaint alleges strict liability for design defects and failure to warn, and negligence against Goodyear Tire and Rubber Company, Kelly-Springfield Tire Corporation, and Lloyd's Tire Service, and negligence against Tires Plus, Inc. (Tires Plus).
***224 ¶5 On July 6, 2018, Ford filed a motion to dismiss for lack of personal jurisdiction, or, in the alternative, a motion for change of venue pursuant to § 25-2-201(1) and (3), MCA. On August 31, 2018, Tires Plus joined Ford's motion to change venue. Ford requested that venue be changed to Mineral or Missoula County, Montana. Tires Plus requested that venue be changed to Mineral or Sanders County, Montana.
¶6 On October 10, 2018, the District Court denied Ford's motion to dismiss for lack of personal jurisdiction, and denied *391 Ford's motion to change venue. Ford petitioned this Court for a writ of supervisory control to determine whether Montana has specific personal jurisdiction over Ford, and filed an interlocutory appeal asking this Court to determine whether Cascade County is a proper venue under Montana law. On May 21, 2019, this Court accepted supervisory control and concluded that Montana has specific personal jurisdiction over Ford in this case. Ford Motor Co. v. Mont. Eighth Judicial Dist. Court , 2019 MT 115, ¶ 1, 395 Mont. 478, 443 P.3d 407. We presently consider Ford's interlocutory appeal regarding its motion for a change of venue.
¶7 The facts necessary to determine whether Cascade County is a proper venue are as follows. The rollover and Decedent's death occurred in Mineral County. Decedent resided in Mineral County. Lucero resides in Cascade County. Lucero filed his complaint in Cascade County. Ford is a Delaware company with its principal place of business in Dearborn, Michigan. Ford sells cars and trucks in all fifty states and has thirty-six dealerships in Montana. Ford's registered agent is in Missoula County. Tires Plus is a Montana corporation with its principal place of business in Sanders County.
STANDARD OF REVIEW
¶8 "A district court's decision to transfer venue because the complaint was not filed in the proper county (i.e., under § 25-2-201(1), MCA ) is a conclusion of law," which this Court reviews de novo. BNSF Ry. Co. v. State ex rel. Dep't of Envtl. Quality , 2010 MT 46, ¶ 7, 355 Mont. 296, 228 P.3d 1115.
¶9 A district court's decision to transfer venue to promote the convenience of the witnesses and the ends of justice (i.e., under § 25-2-201(3), MCA ) is discretionary. BNSF Ry. Co. , ¶ 7. Unlike a decision made pursuant to § 25-2-201(1), MCA, a discretionary decision made pursuant to § 25-2-201(3), MCA, is not subject to interlocutory appeal. BNSF Ry. Co. , ¶ 11.
***225 DISCUSSION
Whether the county in which a decedent's personal representative resides is a proper venue in survival and wrongful death actions pursuant to § 25-2-122(2), MCA.
¶10 A district court must grant a motion to change venue "when the county designated in the complaint is not the proper county." Section 25-2-201(1), MCA.[1] Therefore, the dispositive issue is whether Cascade County is a proper venue pursuant to Montana's venue statutes, such that the District Court correctly denied Ford's motion to change venue.
¶11 Pursuant to Montana's venue statues, venue may be proper in more than one county. Section 25-2-115, MCA. The Montana Legislature has enacted specific venue statutes applicable to certain types of claims. Farmers Union Ass'n v. Paquin , 2009 MT 305, ¶ 7, 352 Mont. 390, 217 P.3d 74. The venue statute applicable to tort claims is § 25-2-122, MCA. Section 25-2-122(2), MCA, states:
[I]f the defendant is a corporation incorporated in a state other than Montana, the proper place of trial for a tort action is:
(a) the county in which the tort was committed;
(b) the county in which the plaintiff resides; or *392 (c) the county in which the corporation's resident agent is located, as required by law.
"[A]n action brought in any such county is brought in a proper county." Section 25-2-115, MCA.
¶12 In an action involving multiple defendants, "a county that is a proper place of trial for any defendant is proper for all defendants." Section 25-2-117, MCA ; Farmers Union Ass'n , ¶ 8. A defendant in an action involving multiple defendants may file a motion to change venue only when the venue "is not a proper place of trial for any of the defendants." Section 25-2-117, MCA. "The right to move for a change of venue under § 25-2-117, MCA, applies only if the action is filed in a county that is a proper place of trial for none of the defendants." Farmers Union Ass'n , ¶ 12. Therefore, a district court may not grant a motion to change venue pursuant to § 25-2-201(1), MCA, where any ***226 defendant is an out-of-state corporation, the action arises in tort, and the action is brought in a proper county pursuant to § 25-2-122(2)(a)-(c), MCA. Sections 25-2-115, -117, MCA.
¶13 The parties do not dispute that § 25-2-122(2), MCA, governs this case. Ford is a corporation incorporated in a state other than Montana and Lucero brought survival and wrongful death claims against Ford, which sound in tort. Likewise, neither party disputes that Lucero, as the Decedent's personal representative, is the named plaintiff in this matter.
¶14 "An action must be prosecuted in the name of the real party in interest." M. R. Civ. P. 17(a)(1). In an action for wrongful death, "the personal representative of the decedent's estate may maintain an action for damages against the person causing the death." Section 27-1-513, MCA. The personal representative is the proper party to maintain a wrongful death action. M. R. Civ. P. 17(a)(1)(A) expressly states that executors "may sue in their own names" without joining decedents.
¶15 Ford argues that "the county in which the plaintiff resides" means the county in which the Decedent resided before her death. Section 25-2-122(2)(b), MCA, unambiguously employs the terms "plaintiff" and "resides" in the present tense. The Decedent can no longer bring these claims on her own behalf, nor does she reside anywhere in the present tense. Had the Legislature intended to relate venue to the county where a deceased tort victim resided prior to death, it could have inserted the term decedent into the statutory language. It did not. This Court will "not insert omitted terms into a statute." See Montco v. Simonich , 285 Mont. 280, 287, 947 P.2d 1047, 1051 (1997).
¶16 Lucero is the plaintiff in this action, in whose county of residence venue is proper pursuant to § 25-2-122(2), MCA. Based on the plain language of § 25-2-122(2), MCA, Lucero may properly bring a survival and wrongful death action against Ford in: (a) Mineral County, where the rollover and Decedent's death occurred; (b) Cascade County, where Lucero resides; and (c) Missoula County, where Ford's agent is located.[2] Lucero filed survival and wrongful death claims against Ford ***227 in Cascade County, his county of residence, which is a proper venue pursuant to § 25-2-122(2)(b), MCA. The District Court may not grant Ford's motion to change venue pursuant to § 25-2-201(1), MCA, because Ford is an out-of-state corporation, Lucero brought a tort action against Ford, and Cascade County is a proper venue pursuant to § 25-2-122(2)(b), MCA. See §§ 25-2-115, -117, MCA. Therefore, the District Court properly denied Ford's motion to change venue.
CONCLUSION
¶17 Venue is proper in Cascade County. The District Court properly denied Ford's *393 motion to change venue pursuant to § 25-2-201(1), MCA, because Lucero, the named plaintiff in this proceeding, properly brought a survival and wrongful death action against Ford in Cascade County pursuant to § 25-2-122(2)(b), MCA.
¶18 Affirmed.
We concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.

Section 25-2-201(3), MCA, additionally states that a court must, on motion, change the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change." Ford filed a motion to change venue pursuant to § 25-2-201(1) and (3), MCA, which the District Court denied. The District Court's discretionary decision, made pursuant to § 25-2-201(3), MCA, is not subject to interlocutory appeal. See BNSF Ry. Co. , ¶¶ 7, 11. This Court considers de novo only whether Cascade County is a proper county pursuant to § 25-2-201(1), MCA.

Pursuant to § 25-2-122(1), MCA, the proper place of trial for a tort involving Tires Plus, a Montana Corporation, is:
(a) the county in which the defendants or any of them reside at the commencement of the action; or
(b) the county in which the tort was committed.
However, this proceeding involves multiple defendants, including Ford, which is an out-of-state corporation. Therefore, any "county that is a proper place of trial for" Ford is a proper place of trial for Tires Plus. See § 25-2-117, MCA.