FILED

01/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0309

DA 20-0309

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 3

IN RE THE EXPUNGEMENT OF
MISDEMEANOR  RECORDS OF

JUSTIN B. DICKEY,

      Petitioner and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-20-408(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        David G. Tennant, Kaufman Vidal Hileman Ellingson PC,
        Kalispell, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Rob Cameron, Deputy
        Attorney General, Helena, Montana

        Travis R. Ahner, Kalispell County Attorney, Amy Kenison, Deputy
        County Attorney, Kalispell, Montana

        Edward J. Hirsch, Bozeman City Attorney, Bozeman, Montana

Submitted on Briefs:  November 4, 2020

Decided:  January 5, 2021

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Justin B. Dickey (Dickey) appeals from a May 28, 2020 Eleventh Judicial District Court order vacating its prior order to expunge Dickey's misdemeanor records. We affirm.

¶2     We restate the issues on appeal as follows:

*Issue One: Whether the Rules of Civil Procedure apply to a proceeding brought under the Misdemeanor Expungement Clarification Act.*

*Issue Two: Whether the District Court erred in determining that Dickey's 2003 speeding violation in Kalispell was insufficient to establish proper venue in the Eleventh Judicial District for expungement of misdemeanors under § 46-18-1105, MCA.*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3     On May 5, 2020, Dickey filed a petition for expungement of his misdemeanor criminal records pursuant to the Misdemeanor Expungement Clarification Act, Title 46, chapter 18, part 11, MCA (Expungement Act), in the Eleventh Judicial District Court, Flathead County, Montana. The petition did not refer to any specific misdemeanor, referring only to "misdemeanor criminal record(s)" generally. The petition requested the District Court consider that Dickey had not been charged with any crimes in the fifteen years since he was an underaged college student and had since become an upstanding community member who was unlikely to reoffend and posed no danger to the public. The petition contained no supporting documentation regarding either Dickey's criminal record or his successful rehabilitation. The Flathead County Attorney's Office filed a response on May 18, 2020, indicating it did not object to the expungement of "the only misdemeanor

2

listed on the Defendant's criminal history from Flathead County, which is a speeding ticket from 2003." The District Court granted the petition on May 20, 2020.

¶4 Two days later, the City of Bozeman filed a request for reconsideration alleging Dickey had improperly delayed serving the City of Bozeman with a copy of the petition. *See* § 46-18-1106, MCA ("A person seeking expungement shall serve a copy of the petition for expungement to every prosecution office that prosecuted an offense for which expungement is being requested."). The City of Bozeman attached a response to Dickey's petition arguing that venue was improper and that Dickey had not met his burden of proof necessary to entitle him to expungement. According to this filing, the City of Bozeman was "aware of at least the following convictions" on Dickey's record:

- March 6, 2003, Speeding, over 25 MPH in an Urban District, Kalispell City Court;

- April 4, 2004, DUI Alcohol and Drugs, Gallatin County Justice Court;

- August 26, 2004, Obstructing a Peace Officer, Gallatin County Justice Court;

- December 21, 2004, Public Nuisance, Obstructing a Peace Officer, Bozeman Municipal Court.

¶5 After briefing, the District Court granted reconsideration and determined that venue was improper, vacating its prior expungement order and dismissing the matter without prejudice. Dickey subsequently brought this appeal.

**STANDARD OF REVIEW**

¶6 A district court's venue determination that a pleading was not filed in the proper county is a conclusion of law, which this Court reviews de novo. *Lucero v. Ford Motor Co.*, 2019 MT 150, ¶ 8, 396 Mont. 221, 444 P.3d 389. Questions regarding the adequacy

of pleadings are questions of law, reviewed de novo. *See Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 7, 390 Mont. 12, 407 P.3d 692 ("Whether an asserted claim fails to sufficiently state a claim upon which relief may be granted is a question of law reviewed de novo for correctness under the standards of M. R. Civ. P. 12(b)(6)." (citation omitted)).

**DISCUSSION**

¶7    *Issue One:  Whether the Rules of Civil Procedure apply to a proceeding brought under the Misdemeanor Expungement Clarification Act.*

¶8    Montana law allows a person convicted of one or more misdemeanor offenses to petition a district court, once in their lifetime, for an order expunging records of those misdemeanors.  Section 46-18-1104, MCA.  While expungement is presumed in some cases, *see* § 46-18-1107, MCA, expungement is not presumed when a petitioner has committed one or more specified offenses, including driving under the influence of alcohol or drugs.  *See* § 46-18-1108(1), MCA.  When expungement is not presumed, a district court must consider several statutory factors such as the length of time since the offense and the likelihood that the petitioner will reoffend.  Section 46-18-1108(2), MCA.  A court's expungement determination is based on the preponderance of the evidence.  Section 46-18-1109(1), MCA.

¶9    Appellees the Montana Attorney General, Flathead County, and the City of Bozeman argue that Dickey's petition did not carry the evidentiary burden necessary to entitle him to relief under the Expungement Act.  The Montana Rules of Civil Procedure address the scope of the Rules, clearly providing that they apply "in all civil actions and proceedings in the district courts of the state of Montana."  M. R. Civ. P. 1.  The

4

Expungement Act created a new civil proceeding within Montana law and, as such, the Rules of Civil Procedure apply. *See In re Estate of Erickson*, 2017 MT 260, ¶ 17, 389 Mont. 147, 406 P.3d 1 (holding that the Montana Rules of Civil Procedure govern probate proceedings unless the Uniform Probate Code specifically provides otherwise). The Rules require that a claim for relief must contain a short and plain statement of the claim demonstrating the pleader is entitled to relief, and a demand for the relief sought. M. R. Civ. P. 8(a); *see Anderson*, ¶ 8 ("The liberal notice pleading requirements of M. R. Civ. P. 8(a) and 12(b)(6) do not go so far to excuse omission of that which is material and necessary in order to entitle relief, and the complaint must state something more than facts which, at most, would breed only a suspicion that the claimant may be entitled to relief." (internal quotations omitted)).

¶10    While Dickey does not contest the DUI conviction here, his petition provided almost no information whatsoever regarding his criminal record. According to the City of Bozeman, Dickey has at least one conviction for driving under the influence of alcohol or drugs. By law, Dickey is not entitled to a presumption in favor of expungement, and therefore must bear the burden of demonstrating, by a preponderance of the evidence, that he is entitled to relief under the Expungement Act. *See* § 46-18-1108(2), MCA (listing various factors a district court must consider in reaching a determination on a petition for expungement). To satisfy that evidentiary burden, a petitioner must produce more than a cursory petition with a general demand that all misdemeanors be expunged by providing sufficient information to allow an adequate response.

¶11 It stands to reason that, if the petitioner has the burden of proving that he is entitled to relief under the Expungement Act, he must specifically identify each "offense for which expungement is being requested" in the petition in addition to serving copies to every office "that prosecuted an offense" listed. *See* § 46-18-1008(2), MCA. Further, § 46-18-1109(3), MCA, provides: "If a representative of a prosecution office appears, the representative must be given an opportunity to respond." While the Expungement Act itself does not specify the length of time a prosecution office has to respond, the necessary guidance can be found in the Montana Rules of Civil Procedure.

¶12 *Issue Two: Whether the District Court erred in determining that Dickey's 2003 speeding violation in Kalispell was insufficient to establish proper venue in the Eleventh Judicial District for expungement of misdemeanors under § 46-18-1105, MCA.*

¶13 Dickey challenges the District Court's determination that the Eleventh Judicial District Court was an improper venue for the Expungement Act proceeding, asserting that he may file his petition wherever he chooses. Venue under the Expungement Act is proper "in the district court of a judicial district in which the person was convicted of a misdemeanor for which expungement is sought." Section 46-18-1105, MCA.[1] Dickey does not specify the misdemeanors he seeks to be expunged and, as noted, his petition contained no specific information regarding his criminal record. The only available information regarding Dickey's criminal history is contained in the responses filed to his petition. The City of Bozeman listed four infractions from its records, while the Flathead

---

[1] As noted above, a petitioner must also give notice to each prosecution office that prosecuted an offense for which expungement is sought. Section 46-18-1106, MCA.

County Deputy Attorney described a 2003 speeding ticket as "the only misdemeanor listed on the Defendant's criminal history" in Flathead County. Based on the available information, Dickey's only violation in the Eleventh Judicial District is his March 6, 2003 speeding violation in Kalispell, ostensibly in violation of § 61-8-303, MCA ("[T]he speed limit for vehicles traveling . . . in an urban district is 25 miles per hour.").

¶14 Neither the Expungement Act nor Title 61, MCA, define "misdemeanor." As demonstrated by the Flathead County Deputy Attorney's response filing, speeding has sometimes been referred to as a misdemeanor. *See, e.g.*, *State v. Hurlbert*, 2009 MT 221, ¶ 13, 351 Mont. 316, 211 P.3d 869 (relating how a defendant was charged with "speeding, a misdemeanor, in violation of § 61-8-303, MCA"); *State v. Larson*, 2004 MT 345, ¶ 16, 324 Mont. 310, 103 P.3d 524 (describing a defendant as having been charged with "one count of speeding, a misdemeanor, pursuant to § 61-8-303(1)(b), MCA"); *State v. Sunford*, 244 Mont. 411, 414, 796 P.2d 1084, 1085 (1990) (describing a defendant as having been convicted of "one count of speeding, a misdemeanor").

¶15 The term "misdemeanor" under Montana law describes a subset of criminal violations. Section 45-2-101(42), MCA, defines "misdemeanor" under Title 45, MCA, as an offense punishable by a fine and/or imprisonment up to one year. *See also Misdemeanor*, *Black's Law Dictionary* (11th ed. 2019) (defining "misdemeanor" as a "crime that is less serious than a felony"). However, Dickey's violation of § 61-8-303, MCA, is not a criminal matter. While §§ 61-8-104 and -711(1), MCA, provide that violations of Title 61, MCA, are generally misdemeanors, § 61-8-725(2)(a), MCA, enacted in 1999, specifically provides that a "violation of a speed limit imposed pursuant to

7

61-8-303 is not a criminal offense" under those statutory sections. Because a speeding violation under § 61-8-303, MCA, is not a crime, it cannot be a misdemeanor as the term is defined under Montana statute. We see no indication that the term "misdemeanor" has a special meaning under the Expungement Act that would include civil, as well as criminal, violations.

¶16 The persistent use of the term "misdemeanor" to describe speeding citations after the enactment of § 61-8-725(2)(a), MCA, does not undermine the statute's clear provision to the contrary. As Dickey has shown no criminal misdemeanors on his record in the Eleventh Judicial District, the District Court was correct in determining that venue was not proper under § 46-18-1105, MCA.

## CONCLUSION

¶17 The Montana Rules of Civil Procedure apply to proceedings brought under the Expungement Act. Dickey has not shown that he has a misdemeanor conviction in the Eleventh Judicial District. The District Court correctly determined that venue was not proper under § 46-18-1105, MCA, and dismissed the petition without prejudice.

¶18 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE

8