

FILED

05/25/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0226

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0226

FILED

MAY 25 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

SHAWN RYAN COWAN,

Petitioner,

v.

STATE OF MONTANA, RAVALLI COUNTY
21st JUDICIAL DISTRICT COURT,

Respondent.

O R D E R

Representing himself, Shawn Ryan Cowan has filed a Petition for Writ of Supervisory Control, raising a constitutional issue. He requests that this Court "correct unconstitutional actions that are preparing to harm the [P]etitioner and his immediate family."

Exercise of supervisory control is discretionary. On a case-by-case basis, the Supreme Court may exercise its supervisory power over all other courts. M. R. App. P. 14(3). "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). As Cowen notes, the other criteria relevant is that "constitutional issues of state-wide importance are involved[.]" M. R. App. P. 14(3)(b); *Spady*, ¶ 11.

Cowan contends that he may lose joint custody of his son in a dissolution proceeding based upon his prior criminal history. Cowan refuses to pay for the services of the Guardian ad Litem (GAL), until the Ravalli County District Court "addresses some constitutional discrepancies that appear in [Cowan's] past criminal records." He bases this concern on the fact that he "has been in the criminal justice system on and off for 26 years starting at 11 yoa." He explains that all "Judicial action was brought against him by the

21st [J]udicial District of Ravalli County Montana before Jeffery H. Langton." Cowan lists the court cases and offers that for his parents' dissolution, then-attorney Jefferey Langton represented his mother in 1982. Cowan provides that he had a youth court proceeding in 1992 before Judge Langton, and that during a second youth court case in 1993, his mother "question[ed] if a conflict existed." He notes that Judge Langton called in another judge for that proceeding. Cowan further provides that both his 2002 and 2008 criminal cases were adjudicated by Judge Langton. Cowan explains that he moved the District Court in April and May of this year to vacate his criminal judgments. He states that the District Court denied his motions. Cowan concludes that his judgments are void and that Judge "Langton's impartiality is reasonably in question." Cowan's requested relief includes "[his] rights [being] restored and this abomination of unconstitutional record removed from [his] life."

Cowan's remedy for relief is not with his instant Petition. Cowan brings his claims questioning impartiality of the presiding judge for his criminal cases too late. Even though he objects now, his objections do not void those judgments. Available electronic records indicate that Cowan pleaded guilty to the underlying offenses in his 2002 and 2008 criminal matters; therefore, he has waived such constitutional claims. Cowan did not appeal his original convictions. We have pointed this out before when we denied Cowan habeas corpus relief on a similar claim.

> Cowan also challenges, as unconstitutional, his entries of plea and the District Court's jurisdiction in both convictions. Cowan's challenges are procedurally barred. "'[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104, citing *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804. Cowan waived any challenges to his convictions because he pleaded guilty to the charges in 2002 and 2009. This Court cannot provide Cowan with the remedy he seeks.

*Cowan v. Berkebile*, No. OP 15-0080, 2015 Mont. LEXIS 281, at *3-*4 ( Feb. 17, 2015). There is no relief that this Court may provide.

2

We further point out that Cowan has concerns about a final parenting plan that has not yet been decided by the District Court. We note that a different judge is presiding over the dissolution proceeding. The District Court has ordered appointment of the GAL in the interests of Cowan's son, pursuant to § 40-5-205(1), MCA. Cowan mentions that he presently has half-time parenting, which could be maintained, depending upon the outcome. However, Cowan will have to await the outcome of the District Court's decision.

Turning to his request for an expungement of his record, Cowan is limited here. His Petition with this Court cannot provide him with such relief. A misdemeanor record may be expunged with the filing of a petition in the District Court. *See* §§ 46-18-1105, through 46-18-1110, MCA; *In re Expungement of Misdemeanor Records of Dickey*, 2021 MT 3, 402 Mont. 409, 478 P.3d 821. However, expungement, under the circumstances present here, is not appropriate for a writ of supervisory control.

Cowan has not demonstrated that supervisory control is warranted here. He does not present purely legal questions nor does he demonstrate urgency or emergency factors to sidestep an appeal when a decision has not been reached yet. *Spady*, ¶ 11; M. R. App. P. 14(3). Accordingly,

IT IS ORDERED that Cowan's Petition for Writ of Supervisory Control is DENIED.

The Clerk is directed to provide a copy of this Order to: the Honorable Howard Recht, Twenty-first Judicial District Court, Ravalli County; counsel of record and Shawn Ryan Cowan personally.

DATED this 25ᵗʰ day of May, 2021.

_____
Chief Justice

_____

_____

3

_____

_____
Justices

4